# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# GAINESVILLE DIVISION

COBREY and MARYAM BENNETT,

    Plaintiffs,

v.

OCWEN LOAN SERVICING, LLC,

    Defendant.

CIVIL ACTION NO:

## NOTICE OF REMOVAL

Defendant Ocwen Loan Servicing, LLC ("Ocwen") hereby gives notice pursuant to 28 U.S.C. §§ 1332, 1441, and 1446 of the removal of this action to the United States District Court for the Northern District of Georgia, Gainesville Division.  As grounds for removal, Ocwen states as follows:

## BACKGROUND AND PROCEDURAL HISTORY

On September 24, 2013, Plaintiffs Cobrey and Maryam Bennett ("Plaintiffs") filed a Complaint (the "Complaint") against Ocwen in the State Court of Forsyth County, Georgia (the "State Court").  On September 25, 2013, Plaintiffs filed a request to amend the Complaint in the State Court.  That request not being necessary procedurally, Plaintiffs filed an Amended Complaint (the "Amended Complaint") on September 20, 2013.

In their Amended Complaint, Plaintiffs purport to state claims for violation by Ocwen of various state and federal laws as a result of Ocwen's alleged debt collection activities. Plaintiffs assert claims for fraud, negligence, and violation of the Fair Debt Collection Practices Act, among others. See Amended Complaint at 13-23. They request that they be awarded actual, statutory, and punitive damages and that their home loan be voided as a result of Ocwen's conduct. Id. at 23.

As shown below, this case is properly removable pursuant to 28 U.S.C. §§ 1332, 1441, and 1446 because complete diversity of citizenship exists between the parties, the amount in controversy exceeds $75,000, exclusive of interest and costs, and all other requirements for removal have been satisfied.

## ARGUMENT

### A.   There Is Complete Diversity Between the Parties.

Title 28 U.S.C. § 1332(a) provides in relevant part as follows:

> The district courts shall have original jurisdiction of all civil actions where the matter is controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between
> -
>   (1)   Citizens of different states[]….

Plaintiffs are citizens of Georgia. See Amended Complaint, ¶ 3. Ocwen is a Florida limited liability company with its principal place of business in Florida. Id., ¶ 4. Ocwen is therefore a citizen of Florida for diversity purposes. See 28

U.S.C. § 1332(c)(1).  As a result, complete diversity of citizenship exists between the parties.

**B.** **The Amount in Controversy Requirement Is Satisfied By Plaintiffs' Effort to Secure Voidance of Their Quarter Million Dollar Home Loan.**

Plaintiffs seek damages in an unspecified amount, plus non-monetary relief in the form of a judgment voiding their home loan.  Amended Complaint at 23.  "Where the complaint does not demand a dollar amount, the removing defendant must prove by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional requirement."  28 U.S.C. §1446(c)(2)(B); Williams v. Best Buy Co., 269 F.3d 1316, 1319 (11th Cir. 2001).  "A removing defendant may rely on its own affidavits, declarations, or other documentation to establish the amount in controversy."  Pretka v. Kolter City Plaza II, Inc., 608 F.3d 744, 755 (11th Cir. 2010).

The value of non-monetary relief for amount in controversy purposes is the "monetary value of the object of the litigation that would flow to the plaintiffs if the injunction were granted."  Leonard v. Enterprise Rent-a-Car, 279 F.3d 967 (11th Cir. 2002) (citing Ericsson GE Mobile Commc'ns, Inc. v. Motorola Commc'ns & Elec., Inc., 120 F.3d 216, 218 (11th Cir. 1997) as guiding valuation of equitable claims for purposes of determining amount in controversy).

Here, over $250,000 remains unpaid on the loan Plaintiffs seek to have voided, which was originated not even a year ago. The security deed delivered by Plaintiffs as security for the loan shows that it secures an original principal debt of $284,900 evidenced by a promissory note made by Plaintiffs on November 19, 2012. A true and correct copy of that security deed, recorded at Book 6493, Page 185-198, official records of the Clerk of the Superior Court of Forsyth County, is appended hereto as Exhibit "1."

The Amended Complaint details the history of Plaintiffs' payment on their loan. Payments to date total not even $20,000, leaving over $250,000 in principal owed on the loan. See Amended Complaint, Exs. C and D. Because Plaintiffs seek relief with a value to them of well in excess of $75,000, the amount in controversy requirement is satisfied. See 28 U.S.C. §§ 1332, 1446(c)(2)(B); Leonard, 279 F.3d 967.

### C.  All Other Requirements for Removal Are Satisfied.

Plaintiffs' suit is properly removable to this Court pursuant to 28 U.S.C. § 1441, and this notice of Removal is timely filed pursuant to 28 U.S.C. § 1446(b).

This case is a civil action within the meaning of the Acts of Congress relating to the removal of cases. Ocwen has not previously sought removal or other similar relief. Finally, venue is proper in this district and division under 28

U.S.C § 1441(a) because this district and division embrace Forsyth County, the forum in which the removed action was pending.

## CONCLUSION

For the foregoing reasons, Ocwen requests that the Court take jurisdiction of this action and issue all necessary orders and process to remove the action from the State Court. True and correct copies of all pleadings and other documents previously filed with the State Court are appended hereto as Exhibit "2" and filed contemporaneously herewith as required by 28 U.S.C. § 1446(a).

Respectfully submitted, this 22nd day of October, 2013.

        s/ Cory S. Menees
        Cory S. Menees
        Georgia Bar No. 558715
        *Attorneys for Defendant*
        *Ocwen Loan Servicing, LLC*
        BRADLEY ARANT
        BOULT CUMMINGS LLP
        100 N. Tryon Street
        Suite 2690
        Charlotte, NC  28203
        Telephone: (704) 338-6000
        Facsimile: (704) 332-8858
        Email:      cmenees@babc.com

1/2547431.1

## **CERTIFICATE OF SERVICE**

I hereby certify that I this day filed the foregoing document via the Court's CM/ECF system, which will automatically provide notice of the filing to all registered CM/ECF participants.

I further certify that I this day mailed the foregoing document to the following non-CM/ECF participant via United States mail, first-class postage prepaid:

Cobrey and Maryam Bennett
965 Summerfield Drive
Cumming, GA  33040

This 22nd day of October, 2013.

                        s/ Cory S. Menees
                        Cory S. Menees
                        Georgia Bar No. 558715
                        *Attorney for Defendant*
                        *Ocwen Loan Servicing, LLC*