**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
GAINESVILLE DIVISION**

| | | |
|---|---|---|
| **COBREY BENNETT and** | ) | |
| **MARYAM BENNETT,** | ) | |
| | ) | |
| **Plaintiffs,** | ) | **Civil Action No.:  2:13-cv-00243-JCF** |
| | ) | |
| **v.** | ) | |
| | ) | |
| **OCWEN LOAN SERVICING,** | ) | |
| **LLC,** | ) | |
| | ) | |
| **Defendant.** | ) | |

**MEMORANDUM IN SUPPORT OF
DEFENDANT'S PARTIAL MOTION TO DISMISS**

COMES NOW Defendant Ocwen Loan Servicing, LLC, ("Ocwen" or "Defendant"), by and through its undersigned counsel, and pursuant to Fed. R. Civ. P. 12(b)(6), and respectfully submits this Memorandum in Support of its Partial Motion to Dismiss for failure to state a claim upon which relief can be granted. Defendant moves the Court to dismiss Counts I – VII and IX – XVI of Plaintiffs' Amended Complaint of Plaintiffs Cobrey Bennett and Maryam Bennett (doc. 16)[1]

---

[1] For clarity, the only count in Plaintiffs' Amended Complaint that Defendant is not seeking to have dismissed is Count VIII.  Although Defendant avers that there was no viable claim for violation of the Real Estate Settlement and Procedures Act (RESPA) or any sustainable damages, Defendant concedes there may be a fact question to preclude dismissal.  Defendant, however, reserves its right to seek dismissal of the RESPA claim as a matter of law via a dispositive motion.   Further, Plaintiffs' Amended Complaint is mis-numbered, as there is no Count XV. The Counts go from Count XIV to Count XVI.  (*See* Doc. 16, p. 24).

as it fails to provide grounds for any relief for the enumerated causes of action set out below, and are therefore due to be dismissed under Rule 12(b)(6) as a matter of law for failure to state a claim.

## I. BACKGROUND & ALLEGATIONS

1.      Plaintiffs' Amended Complaint arises from a promissory note plaintiff Cobrey Bennett executed in connection with a mortgage loan transaction on real property located at 965 Summerfield Drive, Cumming, Georgia.  The subject loan in the amount of $284,900.00 was executed by Plaintiff Cobrey Bennett on November 19, 2012. (*See* Am. Compl., Doc. 16, ¶ 5; Note, attached as Exhibit A[2]). The Note explicitly sets out that the first payment was due from plaintiff Cobrey Bennett on January 1, 2013 (Note, Exhibit A, para. 4(A)).

2.      Ocwen was the loan servicer from virtually the inception of the loan, well before even the first payment was due. (*See* Am. Compl., Doc. 16, ¶ 5 [stating that Ocwen was assigned the servicing rights on November 19, 2012][3]).

---

[2] Although a court does not normally consider matters outside the pleadings when considering a party's motion to dismiss, it may consider documents attached to the defendant's motion when they are central to the plaintiff's claims and their authenticity is not disputed. *See Sampson v. Washington Mut. Bank*, 453 Fed. App'x 863, 866 (11th Cir. 2011) (affirming that a Note as part of a loan transaction that is appended to a 12(b)(6) motion to dismiss is proper for the court to consider); *Horsley v. Feldt*, 304 F.3d 1125, 1134 (11th Cir. 2002); *Harris v. Ivax Corp.*, 182 F.3d 799, 802 n.2 (11th Cir. 1999).

[3] Plaintiffs' allegation is not technically correct, as the servicing rights were transferred to Ocwen on December 18, 2012, but either way, Ocwen was the servicer of the subject loan before even before the first payment was due, so it could not possibly have acquired the debt when it was in default.

3.      On or about September 24, 2013, Plaintiffs, acting *pro se*, commenced this action by filing a Complaint against Defendants in the Superior Court of Forsyth County, Georgia, Case No. 13SC-1473-B. (*See* Compl. Doc. 1)

4.      On or about October 22, 2013, Defendant removed this action to the United States District Court for the Northern District of Georgia, Gainesville Division, Civil Action No.: 2:13-cv-00234-WCO. (*See* Notice of Removal, Doc. 1).

5.      On or about October, 28, 2013, Plaintiffs, acting *pro se*, filed an amended complaint against Defendant. (*See* Doc. 6).

6.      On or about November, 26, 2012, Plaintiffs, acting *pro se*, filed another Amended Complaint (the "Amended Complaint") against Defendant. (*See* Am. Compl.  Doc. 16).[4]

7.      Plaintiffs' Amended Complaint is the operative pleading at this point puts forward fifteen (15) claims is somewhat shotgun form:[5]

      I.      Violation of the Fair Debt Collection and Practices Act

      II.     Negligence

---

[4] It should be noted that while both Plaintiffs purport to be acting *pro se* in this matter, Plaintiff Maryam Bennett is the only plaintiff who signed the Motion for Summary Judgment and has been the only Plaintiff to sign any of Plaintiffs' pleadings.  Plaintiff Cobrey Bennett is the only borrower on the subject loan.  (*See* Exhibit A, Note).  *See Henry v. Guaranteed Rates, Inc.*, 415 Fed. App'x 985, 986 (11th Cir. 2011) (quoting *Timson v. Sampson*, 518 F.3d 870, 873 (11th Cir. 2008) ("In federal courts, 'parties may plead and conduct their own cases personally or by counsel,' 28 U.S.C. § 1654, but cannot 'represent[ ] … the interests of others.'").

[5] *See Edward v. BAC Home Loans Servicing, L.P.*, -- Fed.App'x --, 2013 WL 4400102, at *3 (11 Cir. Aug. 16, 2013) (internal citations omitted); *Kynes v. PNC Mortg.*, 2013 WL 4718294, at *16 (N.D. Ga., Aug. 30, 2013) (discussing the "shotgun pleadings").

III.     Intentional Infliction of Emotional Distress

IV.     Violation of the Georgia UDTPA

V.      Rescission of Mortgage due to Fraud

VI.     Violation of the GRMA

VII.    Breach of fiduciary duty

VIII.   RESPA Violations

IX.     Conversion

X.      Tortious Interference with Property Rights

XI.     Violations of the Georgia RICO Act

XII.    Fraud and Deceit

XIII.   Attorneys' Fees & Expenses

XIV.    Rescission of Mortgage due to Fraud [identical to Count V]

XVI.    [misnumbered] Punitive damages

8.      On December 10, 2013 – before Defendant's responsive pleading was even due – Plaintiffs filed a Motion for Summary Judgment.[6]

## II.     LEGAL STANDARD

### A. Standard for Motion to Dismiss under Fed. R. Civ. P. 12(b) (6).

A Rule 12(b)(6) motion attacks the legal sufficiency of the complaint.   *See* Fed. R. Civ. P. 12(b)(6).   Rule 8 of the Federal Rules of Civil Procedure "demands more   than   an   unadorned,   the-defendant-unlawfully-harmed-me-accusation."

---

[6] Pursuant to Local Rule 56.1(A), Defendant will respond the Motion for Summary Judgment within 21 days from when it was filed.

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations."  *Id.* at 679.  A court "considering a motion to dismiss may begin by identifying allegations that, because they are mere conclusions, are not entitled to the assumption of truth."  *Id.* at 664.  "When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief."  *Id.*  A complaint must nudge claims "across the line from conceivable to plausible."  *Id.* at 680.  A claim is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Id.* at 663.  Dismissal is warranted if a complaint lacks a sufficient allegation regarding an element necessary to obtain relief.  *See Pyles v. United Air Lines, Inc.*, 79 F.3d 1046, 1049 (11th Cir. 1996). At a minimum, notice pleading requires that a complaint contain inferential allegations from which the court can identify each of the material elements necessary to sustain a recovery under some viable legal theory. *See Roe v. Aware Woman Ctr. for Choice, Inc.,* 253 F.3d 678, 683 (11th Cir. 2001).

The fact that the Plaintiffs are proceeding *pro se* does not save the claims addressed herein, as "nothing in the leniency accorded a *pro se* filing excuses a plaintiff from compliance with the threshold requirements of the Federal Rules of

Civil Procedure." *Hennington v. Greenpoint Mortg. Funding, Inc.*, 2009 WL 1372961 at *4 (N.D. Ga. May 15, 2009) (citing *Trawinski v. United Tech.*, 313 F.3d 1295, 1297 (11th Cir. 2002)); *Thomas v. Pentagon Fed. Credit Union*, 2010 WL 3273056, at *2 (11th Cir. 2010) (leniency to *pro se* party "does not require or allow courts to rewrite an otherwise deficient pleading in order to sustain an action"); *GJR Investments, Inc. v. Cnty. of Escambia, Fla.*, 132 F.3d 1359, 1369 (11th Cir. 1998) (courts do not have a "license to serve as de facto counsel for a party"). In sum, even for the Plaintiffs proceeding *pro se*, the enumerated causes of action within their Amended Complaint cannot support a claim for relief and are due to be dismissed as a matter of law. *See Am. Fed'n of Labor & Cong. of Indus. Organizations v. City of Miami, FL*, 637 F.3d 1178, 1186 (11th Cir. 2011).

### III.   ARGUMENT AND CITATION OF AUTHORITIES

#### A.   Count I: Plaintiffs have no Fair Debt Collection Practices Act ("FDCPA") claim because the Defendant is not a debt collector

Plaintiffs have no Fair Debt Collection Practices Act ("FDCPA") claim because the Defendant is not a "debt collector" as defined by the FDCPA. *See* 15 U.S.C. § 1692a(6). The FDCPA specifically exempts from the definition of "debt collector" "any person collecting or attempting to collect a debt owed or due ... another to the extent such activity ... (iii) concerns a debt which was not in default at the time it was obtained by such person." 15 U.S.C. § 1692a(6)(F). Mortgage servicers are not covered by the FDCPA if they began servicing the loan at a time

when it was not in default. *See Stroman v. Bank of Am. Corp.*, 852 F. Supp. 2d 1366, 1375-76 (N.D. Ga. 2012) (dismissing FDCPA claim as to servicer who began servicing prior to default upon the loan); *Gladstein v. Aurora Loan Servs., LLC*, 2012 WL 3758160, at *6 (N.D. Ga. Mar. 19, 2012) *report and recommendation* adopted 2012 WL 3758157 (N.D. Ga. 2012).

By Plaintiffs' own admission, Ocwen acquired the loan servicing rights prior to January 1, 2013, the date on which the first payment was due under the Note. (*See* Am. Compl., Doc. 16, ¶¶ 5-6; Note, Exhibit A, ¶ 4(A)).  Because Ocwen began servicing the loan prior to the first payment due date, by definition Ocwen began servicing the loan when it could not possibly have been in default. As a result, Ocwen is not a debt collector or liable under the FDCPA, and Plaintiffs' FDCPA claim is due to be dismissed.

### B.   Count II: Plaintiff has no claim for "Negligent Servicing" as there is no legal duty between a borrower and a mortgage loan servicer

Plaintiffs have no viable claim for negligence.  The only relationship between the parties is one of contract, and Plaintiffs cannot simultaneously sustain a negligence claim.  To support a negligence claim Plaintiffs must allege (1) a legal duty, (2) a breach of that standard, (3) a legally attributable causal connection between the conduct and the resulting injury, and (4) some loss or damage.  *Burch v. Chass Manhattan Mortg. Corp.*, 2008 WL 4265180, at *15 (N.D. Ga. Sept. 15, 2008) (quoting *Bradley Ctr., Inc. v. Wessner*, 250 Ga. 199, 296 S.E.2d 693, 695

(1982)).  When the parties relate to each other by means of a contract, a plaintiff has a tort claim only where the defendant breaches an independent duty imposed by law. *See Adams v. JP Morgan Chase Bank*, 2011 WL 2532925, at *4 (N.D. Ga. 2011); *Fielbon Dev. Co. v. Colony Bank of Houston Cnty*., 290 Ga.App. 847, 660 S.E.2d 801, 808 (Ga.Ct.App. 2008).

It is well established that there is no legal duty between a mortgage loan servicer and a borrower. *See White v. Americas Servicing Co.,* 461 F. App'x 841, 843 (11th Cir. 2012) (*citing Moore v. Bank of Fitzgerald*, 225 Ga.App.  122, 483 S.E.2d 135, 139 (Ga.Ct.App. 1997)); *Fazzari v. CitiMortgage, Inc.*, 2013 WL 5286910, at *3-4 (N.D. Ga. Sept. 17, 2013) (dismissing "negligent servicing" claim due to lack of legal duty); *Greaves v. Bank of Am., N.A.,* 2013 WL 1147531, at *3-4 (N.D. Ga. 2013) (dismissing "negligent servicing" claim due to lack of legal duty); *Phillips v. Ocwen Loan Servicing, LLC*, 2013 WL 4854760, at *5 (N.D. Ga. Sept. 11, 2013) (dismissing negligence claim against servicer as the only duties arise from the note and security deed); *Lopez v. Bank of Am., N.A*., 2013 WL 3878952, at *5 (N.D. Ga. Jul. 26, 2013) (dismissing "negligent servicing" claim due to lack of legal duty); *Kin Chun Chung v. JPMorgan Chase Bank, N.A.*, 2013 WL 5354211 at *7 (N.D. Ga. Sept. 24, 2013).

Because Plaintiffs' relationship with Ocwen is purely one between a borrower and a lender or servicer, via the Note and Security Deed, Plaintiffs cannot establish a legal duty, and Plaintiffs' negligence claim is due to be dismissed.

**C.     COUNT III: Plaintiffs have no claim for Intentional Infliction of Emotional Distress**

> **a.     The conduct alleged by the Plaintiffs is not "extreme and outrageous" as defined under Georgia law**

Under Georgia law, a claim for intentional infliction of emotional distress requires that: (1) the conduct be intentional or reckless; (2) the conduct be extreme and outrageous; (3) there be a causal connection between the wrongful conduct and the emotional distress; and (4) the emotional distress be severe. *See Kin Chun Chung*, 2013 WL 5354211, at *11. In order to be sufficiently extreme and outrageous, the conduct must go beyond all reasonable bounds of decency so as to be regarded as atrocious and utterly intolerable in a civilized community. *See id; Stroman*, 852 F. Supp. 2d at 1382. Failure to properly service a loan is not considered "extreme or outrageous" conduct. *See Kin Chun* Chung, 2013 WL 5354211, at *11 (granting summary judgment against the borrower's IIED claim stemming from deficient servicing); *Stroman*, 852 F. Supp. 2d at 1382 (dismissing borrower's IIED claim stemming from deficient servicing).

The lender-borrower context simply does not create a claim for IIED and Plaintiffs have alleged no facts, even if taken as true, that rise to the level of

"extreme and outrageous" conduct as defined under Georgia law. Therefore, Plaintiffs' IIED claim should be dismissed.

      **b.**   **Plaintiffs' conclusory allegation that Plaintiffs "have caused severe emotional distress" is insufficient to support a claim for IIED**

A "[t]hreadbare recital[ ] of the elements of a cause of action, supported by mere conclusory statements, [will] not suffice." *Iqbal,* 556 U.S. 662, 678. Conclusory allegations that borrower experienced "severe emotional distress" are insufficient to support a claim for IIED. *See Peterson v. Merscorp Holdings, Inc.*, 2012 WL 3961211, at *6 (N.D. Ga. Sept. 10, 2012) (dismissing borrower's IIED claim supported only by conclusory allegations of emotional distress); *Moore v. McCalla Raymer, LLC*, 916 F. Supp. 2d 1332, 1344 n.14 (N.D. Ga. 2013) (dismissing borrower's IIED claim supported only by conclusory allegations of emotional distress); *Brown v. SunTrust Mortgage, Inc.*, 2012 WL 6591702 at *4 (N.D. Ga. Dec. 18, 2012) (dismissing borrower's IIED claim supported only by conclusory allegations of severe emotional distress).

Plaintiffs provided only a conclusory allegation that Ocwen's actions "have caused severe emotional distress." (*Am. Compl.*, Doc. 16, ¶59).  As set out earlier, the servicing of a borrower's loan is not a viable context to sustain an IIED claim. Because conclusory allegations cannot alone support a claim, Plaintiffs' cause of action for IIED is due to be dismissed.

**D.     COUNT IV: The Uniform Deceptive Trade Practices Act, O.C.G.A. § 10-1-370 *et seq.*, does not apply to a borrower-servicer relationship**

The Uniform Deceptive Trade Practices Act ("UDTPA") does not apply to the mortgage loan context as the statute does not cover a debtor's rights and obligations under a mortgage and security deed. *See Hines v. MidFirst Bank*, 2013 WL 609401, at *6 (N.D. Ga. Jan. 8, 2013) *report and recommendation adopted*, 2013 WL 603883 (N.D. Ga. Feb. 19, 2013) (dismissing UDTPA claim as inapplicable to the mortgage servicing context); *Pac. W., Inc. v. LandAmerica Credit Servs., Inc.,* 2007 WL 1970870, at *4 (N.D. Ga. 2007) ("§ 10-1-372 primarily deals with trade practices that are likely to cause confusion in the marketplace, such as passing off goods or creating a false impression as to the source, sponsorship or approval of goods").

For a plaintiff to successfully plead a claim under § 10-1-372, he or she must allege facts showing that the defendant attempted to sell the plaintiff *goods* or *services*. *See Hines*, 2013 WL 609401, at *6 (dismissing borrower's §10-1-372 claim because the borrower failed to alleged any facts showing that the Defendants attempted to sell her any goods or services).  Because this case does not involve the sale of any goods or services, the UTDPA claim is due to be dismissed as the statute simply does not apply to mortgage loans.

**E.      COUNT V: The "Rescission of Mortgage due to Fraud" is unavailable to Plaintiffs**

Rescission under O.C.G.A. §14-8-39 is only available with respect to "partnership property" following the rescission of a partnership agreement. *See* O.C.G.A. § 14-8-39 ("Where a partnership agreement is rescinded . . ."); § 14-8-39 Cmt. ("This section defines the rights of a partner who has been misled into partnership by the fraud of a copartner . . . entitled to the return out of partnership property of payments he has made to the partnership").  Determinative factors of a partnership include an agreement to share profits and losses, a joint enterprise, a joint risk, a joint sharing of expenses, a joint right of control over the business, and joint ownership of capital. *See Hayes v. Irwin*, 541 F. Supp. 397, 415 (N.D. Ga. 1982) *aff'd*, 729 F.2d 1466 (11th Cir. 1984).

This case and these allegations do not implicate "partnership property" at all. Plaintiffs have not pleaded any facts evidencing the existence of a partnership between Plaintiffs and Ocwen, and there is none.  Ocwen is only the servicer of Plaintiff Cobrey Bennett's loan (*See* Am. Compl., Doc. 16, ¶ 5). Therefore, the claim brought pursuant to O.C.G.A. §14-8-39 is due to be dismissed as inapplicable.

**F.     COUNT VI: Plaintiffs have no claim under Georgia Residential Mortgage Act ("GRMA") (O.C.G.A. § 7-1-1013)**

**a.     The GRMA provides no private right of action.**

The GRMA provides no private right of action. *See Jones v. Vericrest Fin., Inc.*, 2011 WL 7025915, at *20 (N.D. Ga. Dec. 7, 2011) *report and recommendation adopted sub nom. Jones v. Home Am. Mortgage Inc*., 2012 WL 113556 (N.D. Ga. Jan. 12, 2012) ("the GRMA provides no private cause of action"); *Jordan v. PHH Mortg. Corp.,* 2010 WL 5058638 at *7 (N.D.Ga. Nov. 5, 2010), *adopted by* 2010 WL 5055809 (N.D.Ga. Dec. 6, 2010).  Hence, Plaintiffs' attempt to bring a claim under the GRMA as a private right of action must be dismissed.

**b.     O.C.G.A § 7-1-1013(6), (9)(a-c) is inapplicable because Ocwen did not make a mortgage loan to Plaintiffs**

As an additional basis for dismissal, O.C.G.A § 7-1-1013(6) prohibits fraud in "the attempted or actual making of, purchase of, transfer of, or sale of any mortgage loan". O.C.G.A § 7-1-1013(9) prohibits lenders from making a mortgage loan with the intent to foreclose. In short, the GRMA does not apply to loan servicers, but instead "governs conduct by mortgage brokers or lenders in connection with a loan application, renewal, or refinancing." *See Anderson v. Deutsche Bank Nat. Trust Co.*, 2012 WL 3756512 at *9 (N.D. Ga. Aug. 6, 2012)

*report and recommendation adopted*, 2012 WL 3756435 (N.D. Ga. Aug. 27, 2012).

Ocwen did not make or attempt to make a loan to the Plaintiffs. (*See* Am. Compl., Doc. 16, ¶ 5 ("On November 19, 2012, Ocwen, was assigned the servicing rights…")). As a result, these sections of the GRMA do not apply to Ocwen and Plaintiffs' claim under the GRMA is due to be dismissed.

**G.    COUNT VII: Plaintiff has no claim for "Breach of fiduciary duty"**

There is no fiduciary duty between Plaintiffs and Ocwen, and Plaintiffs have no viable claim for an alleged breach thereof.  It is well settled under Georgia law that no fiduciary relationship arises between a lender and a borrower or its agent. *See White v. Am. Serv. Co.*, 461 F. App'x 841, 843 (11th Cir. 2012) (no confidential relationship between lender and borrower); *Anderson v. Deutsche Bank Nat. Trust Co.,* 2012 WL 3756512, at *9 (N.D. Ga. Aug. 6, 2012) *report and recommendation* adopted, 2012 WL 3756435 (N.D. Ga. Aug. 27, 2012); *Habib v. Bank of America Corp*., 2011 WL 5239723, at *3 (N.D. Ga. Sept. 29, 2011) (dismissing breach of fiduciary duty claim brought by borrower due to lack of a fiduciary relationship); *Phillips*, 2013 WL 4854760, at *6-7 ("It is well-settled under Georgia law that no fiduciary relationship exists between a borrower and a lender or its agent.").  As there is no fiduciary duty between Plaintiffs and Ocwen,

Plaintiffs' claim for breach of fiduciary duty – just like their claim for negligent servicing[7] – is due to be dismissed.

**H.    COUNT IX: Plaintiffs failed to allege wrongful possession as required for a cause of action for conversion**

Under Georgia law, "conversion" is an unauthorized assumption and exercise of the right of ownership over personal property belonging to another, in hostility to his rights, an act of dominion over the personal property of another inconsistent with his rights, or an unauthorized appropriation. *See Jenkins v. BAC Home Loan Servicing, LP*, 822 F. Supp. 2d 1369, 1378 (M.D. Ga. 2011). The *prima facie* case for conversion under Georgia law requires a plaintiff to show: (1) he has title to the property; (2) the defendant wrongfully possessed it; and (3) he demanded possession but the defendant refused to surrender it. *See id.* Allegations of misuse and misapplication of funds in a borrower's account are insufficient to establish the element of wrongful possession. *See id.* (dismissing borrowers' conversion claim of alleged misuse and misapplication of mortgage payments and related funds).

Plaintiffs' allegations that Ocwen did not give "proper credit for payments," and charged improper fees are insufficient to establish the necessary element of

---

[7] *See* arguments concerning the lack of any duty between a lender/servicer and borrower in Section III(B), *supra*.

wrongful possession. Therefore, Plaintiffs have not alleged a valid claim for conversion, and Count IX must be dismissed.

**I.     COUNT X: Plaintiffs have no claim under O.C.G.A §51-9-1 which prohibits physical trespassing**

A violation of O.C.G.A. §51-9-1 occurs when a party "knowingly and without authority enters upon the land of another after having received prior notice that such entry is forbidden."   *Pope v. Pulte Home Corp.*, 246 Ga. App. 120, 539 S.E.2d 842 (Ga. Ct. App. 2000) (quoted in *Goia v. CitiFinancial Auto*, 2012 WL 113647 at *9 (N.D. Ga. Jan. 13, 2012) *aff'd*, 499 F. App'x 930 (11th Cir. 2012) (dismissing claim where no forbidden entry onto the plaintiff's land was alleged)); *see also Hauf v. HomeQ Servicing Corp.,* 2007 WL 486699, at *6 (M.D. Ga. Feb. 9, 2007) ("Plaintiffs have not stated a claim for trespass because they failed to allege an entry onto their property.").

Plaintiffs have failed to allege that Defendant entered upon Plaintiffs' property after having received prior notice that such entry was forbidden. Therefore, Plaintiffs' Tortuous Interference with Property Rights claim is due to be dismissed.

**J.     COUNT XI: Plaintiffs have no viable claim under the Georgia RICO Act**

Plaintiffs have not alleged at least two predicate acts – a necessary element for a claim under the Georgia RICO Act. *See Dalton v. State Farm Fire and Cas.*

*Co.,* 2013 WL 1213270, at *3 (N.D.Ga. Mar. 22, 2013) (dismissing Georgia RICO claim citing plaintiff's failure to allege at least two predicate acts).

"To state a claim under the civil RICO statute, a claimant must allege at least two predicate acts of conduct that are crimes chargeable by indictment under certain laws of the state of Georgia or the United States." *See id. at *3; Zephir v. BAC Home Loan Servicing, LP*, 2011 WL 8167817, at *4-5 (N.D. Ga. Sept. 27, 2011) (dismissing Georgia RICO claim citing plaintiff's failure to allege at least two predicate acts); *Abrams & Wofsy v. Renaissance Inv. Corp.*, 820 F. Supp. 1519, 1530 (N.D. Ga. 1993). Such acts must be linked, but not merely "two sides of the same coin." *McGinnis v. Am. Home Mortgage Servicing Inc.,* 2013 WL 3338922, at *19 (M.D. Ga. Jul. 2, 2013) (dismissing Georgia RICO claim because alleged acts were "two sides of the same coin"); *Raines v. State*, 219 Ga. App. 893, 894, 467 S.E.2d 217, 219 (1996) (dismissing Georgia RICO claim because multiple acts were really pieces of a single "isolated transaction").

The acts which necessarily accompany the alleged conversion of mortgage payments do not constitute separate predicate acts do not satisfy the requirement of a second predicate act. *See McGinnis*, 2013 WL 3338922, at *19 (dismissing Georgia RICO claim because "[defendant's] alleged act of unreasonably increasing Plaintiff's monthly payment without due notice and converting her payments and, eventually, the Property, is simply one extended transaction,").

Despite Plaintiffs' efforts to splice its claim into distinct parts, every alleged act is part of a single, isolated transaction surrounding the mortgage loan between a lender and borrower. (*See* Am. Compl., Doc. 16 ¶¶ 87-97) ("taking money," "converting money," "unlawfully obtaining money," "unlawfully causing to be sent" writings in an attempt to unlawfully obtain money, "theft by taking," taking money "with intent to depive the Plaintiffs of their money," "theft by deception," through accompanying fees). Ocwen's alleged actions are not separate, but merely two sides of the same coin. *See McGinnis, supra*.  Because Plaintiffs' allegations constitute a single, extended transaction, the Georgia RICO claim is due to be dismissed.

### K.    COUNT XII: Plaintiffs have no claim for fraud and deceit under O.C.G.A. § 51-6-1-2

In Georgia, plaintiffs alleging fraud must establish five (5) elements: (1) a false representation by a defendant, (2) scienter, (3) intention to induce the plaintiff to act or refrain from acting, (4) justifiable reliance by plaintiff, and (5) damage to plaintiff. *See Phillips*, 2013 WL 4854760, at *3. Further, Rule 9(b) requires a plaintiff alleging fraud to "state with particularity the circumstances constituting the fraud." Fed. R. Civ. P. 9(b); *Phillips*, 2013 WL 4854760, at *3.

Where there is no evidence scienter, that is, that the false statement was knowingly made with false design, there can be no recovery. An innocent misstatement may amount to negligence but it is not fraud. *See id.* at *4

18

(dismissing borrower's claim of fraud for failure to allege sufficient facts); *Pharr v. Olin Oil Corp.* 715 F.Supp 1569, 1576 (N.D. Ga. 1989) (dismissing fraud claim where alleged misstatements were not alleged to have been knowing and with false design)*; Ideal Pool Corp. v. Baker,* 189 Ga. App. 739, 740, 377 S.E.2d 511 (1988).

Plaintiffs' fraud claim is apparently based on "the fact that [Ocwen] did not fix the error once they admitted they knew of it [sic] constitutes the elements of Fraud & Deceit."  (Am. Compl., Doc. 16, ¶ 98).  Knowing about an alleged error or failing to fix an alleged error does not constitute a fraud claim.  Plaintiffs have not established the requisite elements for a viable fraud claim under Rule 9(b), and, thus, Plaintiffs' claim for fraud should be dismissed.  *See Thomas v. Pentagon Fed. Credit Union,* 393 Fed. App'x 635, 638 (11th Cir.2010) (mortgagor failed to allege facts with sufficient particularity to state fraud claim against mortgagee); *Phillips*, 2013 WL 4854760, at *4 (dismissing borrower's vague allegations as insufficient to satisfy the special pleading requirements under Rule 9(b)); *Greaves v. Bank of America, N.A*., 2013 WL 1147531, at *4 (N.D. Ga. Mar. 19, 2013) (dismissing borrower fraud claim).

## L.   COUNT XIII: *Pro Se* Plaintiffs may not be awarded Attorneys' Fees & Expenses

The plaintiffs have no claim for attorney's fees and expenses under Georgia law.  A *pro se* litigant who is not an attorney is not entitled to an award of attorneys' fees.  *See, e.g., Demido v. Wilson*, 261 Ga. App. 165, 169 (2003);

*JarAllah v. Am. Culinary Fed'n, Inc.*, 529 S.E.2d 919, 921 (Ga. Ct. App. 2000). Because Plaintiffs have proceeded *pro se*, this "claim" (which is more a category of damages than an independent claim) is due to be dismissed.

### M.   COUNT XIV: The "Rescission of Mortgage due to Fraud" is unavailable to Plaintiffs

Count XIV of the Amended Complaint asserts the same cause of action under the same statute and is virtually identical to Count V.  (*Compare* ¶¶ 66-67 *with* ¶¶ 100-101).  For the reasons set forth in Section III(E) of this Memorandum addressing Count V of the Amended Complaint, Plaintiffs' claim under O.C.G.A. § 14-8-39 must be dismissed.

### N.   COUNT XVI: Punitive Damages

Punitive damages are not permitted where no compensatory damages should be awarded.  *See Baker v. CitiMortgage, Inc.*,  2013 WL 4217433 at *5 (N.D. Ga. Aug. 14, 2013) (denying plaintiff's punitive damages claim because he failed to state any claim upon which relief may be granted);  *Khadija v. Fannie Mae*, 2012 WL 6681736 at *10 (N.D. Ga. Nov. 30, 2012) *report and recommendation adopted*, 2012 WL 6677880 (N.D. Ga. Dec. 21, 2012) (dismissing punitive damages claim as allowable only when they can be derived from underlying claims). Punitive damages are not permissible under a RESPA claim. *See Carr v. Mid-Atl. Fin. Servs., Inc.*, 2010 WL 3368260 (N.D. Ga. July 27, 2010) *report and recommendation adopted* 2010 WL 3368231 (N.D. Ga. Aug. 19, 2010);

*Hennington v. Bank of Am*. 2010 WL 5860296 at *6 n.8 (N.D. Ga. Dec. 21, 2010) report and recommendation adopted, 2011 WL 705173 (N.D. Ga. Feb. 18, 2011).

Plaintiffs have one remaining claim that is possibly viable: Count VIII for RESPA violations. As such, Plaintiffs have no claim from which punitive damages may be derived.  Further, it is axiomatic that seeking punitive damages is not an independent cause of action, but rather a category of damages if a cause of action is proven.

## IV.   FURTHER LEAVE TO AMEND SHOULD BE DENIED

Unless otherwise specified, a party may amend its pleading "only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). Despite the general rule that leave to amend should be given freely, the court may deny leave to amend on numerous grounds. *See Metellus v. Bank of Am., N.A.*, 2013 WL 1129399, at *3 (N.D. Ga. 2013) (leave to amend denied citing futility); *Coast v. Bank of New York Mellon Trust*, 2013 WL 5945085, at *7 (N.D. Ga. Nov. 6, 2013) (denying amendment as futile); *Perry v. Kearney-Nat'l, Inc.*, 1982 WL 288 at *1 (N.D. Ga. 1982) (leave to amend denied citing undue delay*); Hayes Lemmerz Int'l-Georgia, Inc. v. Punch Prop. Int'l NV*, 2012 WL 827023 at *1 (N.D. Ga. 2012) (leave to amend denied citing prejudice to opposing party).

The Plaintiffs have already filed their Original Complaint on September 24, 2013 (Doc. 1), an Amended Complaint on October 28, 2013 (Doc. 6), and another

Amended Complaint on November 26, 2013 (Doc. 16). In light of the multiple previous amendments, no further leave to amend should be granted.

## V.  **CONCLUSION**

Counts I, II, III, IV, V, VI, VII, IX, X, XI, XII, XIII, XIV, and (misnumbered count) XVI of the Amended Complaint fail to provide grounds for any relief, and are therefore due to be dismissed under Rule 12(b)(6) as a matter of law for failure to state a claim.

### **Certification of Compliance**

Pursuant to Local Rule 7.1(D), the undersigned certifies that this document has been prepared in accordance with Local Rule 5.1(B).

DATED this 12th day of December, 2013.

Respectfully submitted,

_____/s/Keith S. Anderson_____
Keith S. Anderson (Bar No. 136246)
Bradley Arant Boult Cummings, LLP
One Federal Place
1819 Fifth Avenue North
Birmingham, Alabama 35203
Telephone: (205) 521-8000
Facsimile: (205) 521-8800
kanderson@babc.com
ATTORNEY FOR DEFENDANT OCWEN LOAN
SERVICING, LLC

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that I have this date served the above and foregoing on:

      Maryam & Cobrey Bennett
      965 Summerfield Drive
      Cumming, GA 30040

by placing a copy of same in the United States Mail, first-class postage prepaid and addressed to his regular mailing address, on this the 12th day of December, 2013.


                /s/Keith S. Anderson
                OF COUNSEL