IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
GAINESVILLE DIVISION

| | |
|---|---|
| COBREY BENNETT and MARYAM BENNETT, | ) ) ) |
| Plaintiffs, | ) Civil Action No.: 2:13-cv-00243-JCF ) |
| v. | ) ) |
| OCWEN LOAN SERVICING, LLC, | ) ) ) |
| Defendant. | ) ) |

**DEFENDANT'S RESPONSE IN OPPOSITION TO
PLAINTIFFS' "MOTION FOR LEAVE
TO FILE AMENDED COMPLAINT"**

COMES NOW Defendant Ocwen Loan Servicing, LLC, ("Ocwen" or "Defendant"), by and through its undersigned counsel, and files this Opposition to Plaintiffs' "Motion for Leave to File Amended Complaint" (Doc. 56). *Pro se* Plaintiffs have already filed multiple amended complaints, and filed previous motions to amend, and this additional request for further amendment should be denied.

# I. INTRODUCTION

1. On December 30, 2013, Defendant filed a Response in Opposition to Plaintiff's "Motion to Add Joinder of Claims". (Doc. 27).[1]

2. On December 31, 2013, Defendant filed a Response in Opposition to Plaintiff's Motion for Summary Judgment, (Doc. 29), as well as a Response in Opposition to Plaintiff's Motion to File an Amended Motion for Summary Judgment. (Doc 30).

3. On January 24, 2014, Plaintiffs filed a Request for Judicial Notice. (Doc. 36).

4. On January 27, 2014, Defendant filed a Motion for Temporary Injunctive Relief. (Doc. 44).

5. On January 31, 2014, Defendant filed a Response in Opposition to Plaintiff's Request for Judicial Notice. (Doc. 45).

6. On February 4, 2014, Plaintiffs filed an "Opposition to Defendant's Motion for Temporary Injunctive Relief", (Doc. 46), as well as a second Motion for Leave to Amend Summary Judgment. (Doc. 47).

---

[1] This case has an extensive factual history. For the Court's convenience, this "Introduction & Background" has been limited to the events following Defendant's December 30, 2013 responsive filing. A complete record of the events in this case, however, can be found in the Defendant's Response in Opposition to Plaintiff's "Motion to Add Joinder of Claims". (Doc. 27, pp. 1-4).

7. On February 5, 2014, the Court entered an Order (Doc. 48) staying discovery until the Court ruled on Defendant's partial motion to dismiss (Doc. 19) and Plaintiff's motion to add claims (Doc. 22). The Order denied Plaintiffs' motion for summary judgment (Doc. 17), Plaintiffs' motions for leave to file amended motions for summary judgment (Docs. 25, 47), Plaintiffs' motion to strike Defendant's motion to dismiss (Doc. 33), and Defendant's motion for temporary injunctive relief (Doc. 44). (See Doc. 48).

8. Even though the Court has stayed discovery while the Motion to Dismiss is pending, On March 10, 2014, Plaintiffs filed yet another Motion for Leave to File Amended Complaint. (Doc. 56). Plaintiffs' previous Motion for Leave to Add Claims (Doc. 27) sought to add claims for loss of consortium, rescission, and conspiracy, whereas this more recent Motion (Doc. 56) now seeks to add claims for loss of consortium and quiet title due to fraud.

## II. LEGAL STANDARD[2]

Plaintiffs bring their motion pursuant to Federal Rule 15(a). (*See* Doc. 56, p. 1). Defendant opposes the request for further amendment of Plaintiffs' already-amended complaint. A "motion to amend may be denied on numerous grounds such as undue delay, undue prejudice to the defendants, and futility of the

---

[2] For a more thorough discussion on this legal standard, *see* Defendant's Response in Opposition to Plaintiff's "Motion to Add Joinder of Claims." (Doc. 27, pp. 4-5).

3

amendment." *Brewer-Giorgio v. Producers Video, Inc.*, 216 F.3d 1281, 1284 (11th Cir. 2000); *see also, Metellus v. Bank of Am., N.A.*, 2013 WL 1129399, at *3 (N.D. Ga. 2013) (leave to amend denied citing futility); *Coast v. Bank of New York Mellon Trust*, 2013 WL 5945085, at *7 (N.D. Ga. Nov. 6, 2013) (denying amendment as futile); *Perry v. Kearney-Nat'l, Inc.*, 1982 WL 288 at *1 (N.D. Ga. 1982) (leave to amend denied citing undue delay); *Hayes Lemmerz Int'l-Georgia, Inc. v. Punch Prop. Int'l NV*, 2012 WL 827023 at *1 (N.D. Ga. 2012) (leave to amend denied citing prejudice to opposing party).

The fact that the Plaintiffs are proceeding *pro se* does not save the claims addressed herein, as "nothing in the leniency accorded a *pro se* filing excuses a plaintiff from compliance with the threshold requirements of the Federal Rules of Civil Procedure." *Hennington v. Greenpoint Mortg. Funding, Inc.*, 2009 WL 1372961 at *4 (N.D. Ga. May 15, 2009); *Thomas v. Pentagon Fed. Credit Union*, 393 F. App'x. 635, 637 (11th Cir. 2010) (leniency to *pro se* party "does not require or allow courts to rewrite an otherwise deficient pleading in order to sustain an action"). Even for the Plaintiffs proceeding *pro se*, the enumerated causes of action within their Amended Complaint cannot support a claim for relief and are due to be dismissed as a matter of law. *See Am. Fed'n of Labor & Cong. of Indus. Organizations v. City of Miami, FL*, 637 F.3d 1178, 1186 (11th Cir. 2011).

Plaintiffs incessant filings which continuously seek to alter and amend their claims should be denied.

## III. ARGUMENT AND CITATION OF AUTHORITIES

### A. Further Leave to Amend should be Denied[3]

On February 5, 2014, the Court entered an Order denying a variety of Plaintiffs' pending motions and staying discovery until the Court rules on Defendant's partial motion to dismiss (Doc. 19) and Plaintiff's motion to add claims (Doc. 22). (*See* Doc. 48) Despite this, Plaintiffs once again seek to abandon certain claims while simultaneously adding other novel claims including "Quiet Title Due to Fraud" and "Loss of Consortium." The proposed added claims are groundless. Plaintiffs' Motion provides no explanation or justification for their proposed amendment nor any explanation for why these claims were not asserted in either their original petition or one of their numerous amended complaints. In light of the foregoing, no further leave to amend should be granted and Plaintiffs should be ordered to seek Leave of Court before any further filings. Further, as addressed below, both claims which the Plaintiffs seek leave to assert are improper and would warrant dismissal under Fed. R. Civ. P. 12(b)(6).

---

[3] For a more thorough discussion on this issue, *see* Defendant's Response in Opposition to Plaintiff's "Motion to Add Joinder of Claims". (Doc. 27, pp. 6-8).

**B.     Plaintiffs' novel claims are futile as they would be subject to dismissal pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief can be granted.**

Leave to amend should be denied because Plaintiffs have no viable claim for either of the causes of action they seek to add to their Amended Complaint. *See Coventry First, LLC v. McCarty,* 605 F.3d 865, 870 (11th Cir. 2010) ("A proposed amendment may be denied for futility when the complaint as amended would still be properly dismissed"); *Mitchell v. Deutsche Bank Nat. Trust Co.,* 2013 WL 6510783, at *4 (N.D. Ga. Dec. 12, 2013) (denying leave to amend *pro se* borrowers' complaint because claims were without merit and amendment would be futile). As explained below, the two proposed new claims would be subject to dismissal; thus, leave to amend to add these claims should be denied.

**1. Quiet Title Due to Fraud**

Plaintiffs have failed to meet the requirements established by the Georgia Quiet Title Act, O.C.G.A. § 23–3–60 *et seq*. In alleging their "Quiet Title Due to Fraud" claim, Plaintiffs assert that Ocwen's "countless acts of bad faith" and alleged noncompliance with the Real Estate Settlement and Procedures Act (RESPA) are grounds to support Plaintiffs' unencumbered retention of the property. (Doc. 56-1, ¶ 88). Plaintiffs have failed to meet the requirements established by the Georgia Quiet Title Act, O.C.G.A. § 23–3–60 *et seq*. The Act expressly provides specific procedural prerequisites to pleading a quiet title action.

*See id.* Claims for quiet title that fail to comply with the established requirements fail as a matter of law. *See Roper v. Bank of Am., N.A.*, 2012 WL 1134805 (ND Ga. Apr. 4, 2012) (dismissing claim for quiet title for failure to meet statutory requirements); *Joseph v. CitiMortgage*, 2011 WL 5156817, at *2 (ND Ga. Oct.27, 2011) (same); *Mann v. Blalock*, 690 S.E.2d 375, 376 (Ga. 2010) (same). Because Plaintiff's purported quiet title claim would be subject to dismissal as a matter of law in this case, leave to amend to add such a claim would be futile and should be denied.

### 2. Loss of Consortium

For the proposed "Loss of Consortium" claim, Plaintiffs allege that their "whole family has and continues to suffer," without providing any actual factual support for a viable claim for consortium. As explained in Defendant's December 30, 2013, response,[4] a loss of consortium claim is a derivative claim to recovery for an underlying injury. *See Supchak v. Pruitt*, 232 Ga. App. 680, 683, 503 S.E.2d 581 (1998) (when the injured spouse cannot recover from the alleged tortfeasor as a matter of law, there is no liability for loss of consortium arising from the injuries). Further, Plaintiffs must allege and show an actual *physical injury* to sustain a loss of consortium claim. *See Thompson v. Allstate Ins. Co.*, 285 Ga. 24, 26 (2009) (internal citations omitted) ("A claim for loss of consortium [is based

---

[4] *See* Defendant's Response in Opposition to Plaintiffs' Motion to Add Joinder of Claims Doc. 27, pp. 9-10.

on] an injury to the property right that the claimant had arising out of the marriage relationship of love, companionship, and conjugal affection of the claimant's spouse."). The instant case is merely a monetary dispute between a lender and a borrower, with obviously no physical injury and not the type of action where a loss of consortium claim can be sought. Because a loss of consortium claim would be subject to dismissal as unsustainable as a matter of law in this case, leave to amend to add such a claim would be futile and should be denied.

## IV. CONCLUSION

Plaintiffs' latest "Motion for Leave to File Amended Complaint" should be denied for both procedural and substantive reasons, and Plaintiffs should be given no further leave to amend any of their claims.

## **Certification of Compliance**

Pursuant to Local Rule 7.1(D), the undersigned certifies that this document has been prepared in accordance with Local Rule 5.1(B).

DATED this 26th day of March, 2014.

Respectfully submitted,

/s/Keith S. Anderson
Keith S. Anderson (Bar No. 136246)
Bradley Arant Boult Cummings, LLP
One Federal Place
1819 Fifth Avenue North
Birmingham, Alabama 35203
Telephone: (205) 521-8000
Facsimile: (205) 521-8800

kanderson@babc.com
ATTORNEY FOR DEFENDANT OCWEN LOAN SERVICING, LLC

## **CERTIFICATE OF SERVICE**

I hereby certify that I have this date served the above and foregoing on:

Maryam & Cobrey Bennett
965 Summerfield Drive
Cumming, GA 30040

by placing a copy of same in the United States Mail, first-class postage prepaid and addressed to his regular mailing address, on this the 26th day of March, 2014.

/s/Keith S. Anderson
OF COUNSEL