IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
GAINESVILLE DIVISION

| | |
|---|---|
| COBREY BENNETT and MARYAM BENNETT, | : : : |
| Plaintiffs, | : : |
| v. | : CIVIL ACTION : NO. 2:13-CV-243-WCO-JCF |
| OCWEN LOAN SERVICING, LLC, | : : : |
| Defendant. | : |

## **ORDER**

The captioned case is before the court for consideration of the magistrate judge's non-final report and recommendation ("R&R") [60] dated May 13, 2014, which recommends that defendant's partial motion to dismiss be granted in part and denied in part, that plaintiffs' motion to add joinder of claims be denied, that plaintiffs' motion for sanctions be denied, and that plaintiffs' motion for leave to file amended complaint be denied. On June 2, 2014, plaintiffs filed their objections.

The facts and procedural history of this case are fully set forth in the R&R and do not need to be repeated here. After thoroughly reviewing the record, the court is confident that the magistrate judge has correctly applied the law to the facts of this case. Thus, the court will address only plaintiffs' objections that raise issues of law

not presented to the magistrate judge or not expressly addressed by the magistrate judge.

Plaintiffs Cobrey and Maryam Bennett filed the instant civil action against defendant Ocwen Loan Servicing, LLC ("Ocwen") in the State Court of Forsyth County. After defendant removed the action to this court, plaintiffs amended the complaint twice. According to the second amended complaint,[1] on November 19, 2012, plaintiffs obtained a mortgage loan for $284,900.00 from Mortgage Services III, LLC ("Mortgage Services"), secured by property at 965 Summerfield Drive, Cumming, Georgia 30040. Also on that date, plaintiffs signed a security deed in favor of Mortgage Electronic Registration Systems, Inc., as nominee for Mortgage Services and its successors and assigns, and Ocwen obtained the rights to service the loan from another creditor. Plaintiffs' claims arise out of Ocwen's administration and servicing of plaintiffs' mortgage loan.

Defendant sought to dismiss all of plaintiffs' 15 count[2] complaint except for their claims under the Real Estate Settlement Procedures Act ("RESPA"), 12 U.S.C.

---

[1] These facts are taken from plaintiffs' second amended complaint and from copies of documents referred to in the complaint that relate to Ocwen's servicing of the loan, which are attached as exhibits to the original complaint, or to Ocwen's partial motion to dismiss. In ruling on a motion to dismiss, the court may consider documents attached to the motion and response if those documents are central to the complaint and not in dispute. *See Harris v. Ivax Corp.*, 182 F.3d 799, 802 n.2 (11th Cir. 1999).

[2] Plaintiffs' second amended complaint does not contain a Count XV, and Count XIV repeats Count V.

§§ 2601, et seq. Plaintiffs sought to add claims for loss of consortium, conspiracy, rescission, and to quiet title. In addition, plaintiffs sought to drop their claims for rescission due to fraud (Count V), violations of O.C.G.A. §§ 7-1-1013(6) and (9)(A-C) (Count VI), and rescission due to fraud (Count XIV). In the R&R, the magistrate judge recommends that all of the claims asserted in the second amended complaint be dismissed except for plaintiffs' claims for RESPA violations (Count VIII), conversion (Count IX), and punitive damages (Count XVI). The magistrate judge further recommends that plaintiffs' motion for sanctions, to add claims, and to amend the complaint be denied.

In their objections, plaintiffs have submitted additional facts not contained in the second amended complaint. Plaintiffs state that they "are obliged to give this information so the judge can have a better and more complete picture." Although the objections are somewhat confusing, plaintiffs appear to be alleging that CitiMortgage, Inc. ("CitiMortgage") and Selene Finance ("Selene"), parties not involved in this case, somehow violated plaintiffs' bankruptcy injunction. Plaintiffs state that they filed for a Chapter 7 Bankruptcy in December 2008, which was discharged in 2009. Plaintiffs allege, among other things, that their attempt to obtain a loan modification during their bankruptcy proceedings and after the discharge was met by "the run around from Selene for over a year and the steady increase in the monthly payment." Plaintiffs

assert that CitiMortgage and Selene's actions "coerced [them] into the refinance in November 12, 2012."

Plaintiffs' claims of violations of bankruptcy injunctions against Ocwen are not supported by factual allegations. It is not disputed that Ocwen did not begin servicing plaintiffs' loan until after plaintiffs obtained the loan in November 2012, years after plaintiffs' bankruptcy proceedings were closed. In addition, there are no factual allegations to support a claim of coercion on the part of Ocwen. Plaintiffs do not allege that Ocwen coerced them into obtaining the loan.

Plaintiffs also object to the magistrate judge's statement that plaintiffs struggled from the start to make timely payments for the loan. The record does not support plaintiffs' claim that their account was current.[3] In fact, plaintiffs admit that their payments "may have been technically late but not for all intents and purposes." Moreover, a dispute as to the specific amount of past due account is not legally significant for purposes of the current motion.

To the extent that plaintiffs are asserting that Ocwen owes a contractual duty to plaintiffs, the court agrees. As the magistrate judge correctly concluded, however, plaintiffs' claim for negligence fails because there is no independent duty, other than

---

[3] When considering a motion to dismiss, a court must accept the facts in the complaint as true; however, if those facts are general and conclusory and contradicted by facts presented in an exhibit, then the exhibits govern. See *Crenshaw v. Lister*, 556 F.3d 1283, 1292 (11th Cir. 2009).

4

the contractual duty, that Ocwen owes to plaintiffs. *See Ceasar v. Wells Fargo Bank, N. A.*, 322 Ga. App. 529, 533 (2013). With respect to their intentional infliction of emotional distress ("IIED") claim, plaintiffs' allegations of economic hardships are not sufficient to show that they suffered severe emotional distress so as to state a plausible IIED claim. *See Hendrix v. Phillips*, 207 Ga. App. 394, 395 (1993).

The Georgia Residential Mortgage Act ("GRMA"), O.C.G.A. § 7-1-1013, provides no private right of action. Contrary to plaintiffs' assertion, a jury cannot "nullify" this law "if they feel what these companies were doing to us for years could still make this a viable claim." With respect to their fraud and deceit claim, plaintiffs state that they "will describe the precise statements, or misrepresentation or the time, place or person responsible for the statements." Federal Rule of Civil Procedure 9(b) requires that plaintiffs' complaint "must state with particularity the circumstances constituting fraud." Because plaintiffs have failed to do so, the court must dismiss the claim.

Accordingly, the R&R [60] is hereby **APPROVED and ADOPTED** as the order of this court. For the reasons set forth above as well as those set forth in the R&R, the court hereby **GRANTS in part and DENIES in part** defendant's partial motion to dismiss, **DENIES** plaintiffs' motion to add joinder of claims, **DENIES** plaintiffs' motion for sanctions, and **DENIES** plaintiffs' motion for leave to file

amended complaint. In sum, all of the claims asserted in plaintiffs' second amended complaint are hereby dismissed except for their claims for RESPA violations (Count VIII), conversion (Count IX), and punitive damages (Count XVI).

**IT IS SO ORDERED**, this 12th day of August, 2014.

*s/William C. O'Kelley*
WILLIAM C. O'KELLEY
Senior United States District Judge