FILED IN CLERK'S OFFICE
U.S.D.C. -Gainesville

OCT 1 7 2014

JAMES N. HATTEN, Clerk
By: ⟨signature⟩
Deputy Clerk

## U.S DISTRICT COURT

## NORTHERN DISTRICT OF GEORGIA

| | |
|---|---|
| **COBREY BENNETT et. al.** ) | **Civil Action No.: 2:13-cv-00243-JCF** |
| ) | |
| **Plaintiffs,** ) | **Judge J. Clay Fuller** |
| ) | |
| **v.** ) | **PLAINTIFFS' MOTION FOR** |
| ) | **CHALLENGING THE** |
| **OCWEN LOAN SERVICING, LLC;** ) | **SUFFICIENCY OF THE** |
| **CITIMORTGAGE; and SELENE** ) | **PLAINTIFFS' REQUEST FOR** |
| **FINANCE;** ) | **ADMISSION OF FACT & MOTION** |
| ) | **TO COMPEL THE PRODUCTION** |
| **Defendant.** ) | **OF REQUESTED DISCOVERY** |
| ) | **DOCUMENTS** |

---

## PLAINTIFFS' MOTION CHALLENGING THE SUFFICIENCY OF THE DEFENDANT'S RESPONSES TO THE PLAINTIFFS' REQUESTS FOR ADMISSION OF FACT & MOTION TO COMPEL THE PRODUCTION OF REQUESTED DISCOVERY DOCUMENTS

### (Hearing Requested)

---

Cobrey & Maryam Bennett, appearing as Pro Se, and hereby move that this Honorable Court order the Defendants to file a more accurate and complete response to the Plaintiffs' Request for Admissions of Fact, or in the alternative, order that the Requests for Admissions of Fact are deemed admitted and the failure to comply with FRCP 34 all support that the Defendants have no legal proof of claim to the Plaintiffs property, in support thereof states as follows:

1

## INTRODUCTION

On December 13, 2013, in an effort to narrow the issues in dispute before the Court, the Plaintiffs sent Ocwen, a Requests for Admission of Facts. On or about January 3, 2014, Ocwen, submitted responses to those requests. Many of the responses are inadequate because Ocwen's counsel Keith Anderson failed to admit or deny the request, made baseless objections, claimed that it was irrelevant to admit or deny the request while simultaneously providing a partial answer that did not fairly meet the substance of the request, and otherwise provided answers that were non-responsive.

Because Ocwen's, responses are insufficient, inadequate, confusing, and fail to comply with FRCP 26, the Plaintiffs are entitled to a more accurate and complete response to the requests listed below. In the alternative, the Plaintiffs request that this Honorable Court order that each matter of which Plaintiff has made a Request for Admission & Production of evidence is deemed admitted.

## THE REQUESTS THAT ARE THE SUBJECT OF THIS MOTION

**Request No. 3:** Admit that the Defendants received a subpoena on 09/26/13 which was properly served via GA law for a request of records of which the Defendants did not comply in a timely manner.

**Response No. 3:** Ocwen, denies that it received a properly served  subpoena under GA law, & denies that it did not in comply with any properly served subpoena. Ocwen, further states  that this matter is in a federal court and governed by the Federal Rules of

Civil Procedure.

**Basis for Motion to Compel:** Pursuant to FRCP 26 permits only three possible responses to this request: 1) admit, 2) deny, and 3) Defendant is unable to admit or deny. Ocwen's response that they denied receiving a properly served subpoena as well as denying their failure to comply with a lawfully issued subpoena is untrue. There is evidence to support that Ocwen's reply is untrue. Ocwen's reply shows the Court that they have no good faith basis to deny the request. Coupled with evidence of receipt of the subpoena and acknowledgment of it by Ocwen's defense, it is apparent that the only good faith response available to Ocwen is to "admit." Plaintiff is asking this Court to deem the request admitted.

**Request No. 5:** Admit the Defendants stated "Ocwen has multiple sites and servicing centers serving different portfolios of loans. Your loan recently transitioned from our Ocwen servicing center in Orlando, FL to our servicing center in Waterloo, Iowa. The monthly payments were being processed at our FL office and later forwarded to the Waterloo, Iowa office which made it appear as if your account was delinquent", yet did nothing to correct it or stop the constant calls and misinformation sent to the Plaintiffs.

**Response No. 5:** Ocwen objects to this request as vague and ambiguous as it provides no context for the alleged statement. Subject to and without waiving those objections, Ocwen states that any document speaks for itself and denies that it "did nothing" to correct inadvertent actions taken.

3

**Basis for Motion to Compel:** Pursuant to FRCP 26 permits only three possible responses to this request: 1) admit, 2) deny, and 3) Defendant is unable to admit or deny. Ocwen objected to the Plaintiffs' request as it was vague & ambiguous as it provides no context for the alleged statement. Ocwen's reply shows the Court that they have no good faith basis to deny the request. Ocwen did not make a request for a more direct question. Coupled with evidence of that exact statement made by Ocwen is included with the Plaintiffs' exhibits along with the full context for said statement, it is apparent that the only good faith response available to Ocwen is to "admit." Plaintiff is asking this Court to deem the request admitted.

**Request No. 7:** Admit that each Defendant has a history of different types of mortgage fraud, including but not limited to Sealy Davis v Ocwen 04-CV-1469, a wrongful foreclosure complaint.

**Response :** Ocwen objects to this request as irrelevant. Subject to and without waiving those objections, Ocwen denies the request.

**Basis for Motion to Compel:** Pursuant to FRCP 26 permits only three possible responses to this request: 1) admit, 2) deny, and 3) Defendant is unable to admit or deny. Ocwen objected to the Plaintiffs' request as it was vague & ambiguous as it provides no context for the alleged statement. Ocwen's reply shows the Court that they have no good faith basis to deny the request. Ocwen did not make a request for a more direct question.

4

Ocwen objected to this request as well as denying it as irrelevant. The rules allow us to

discover *any* fact "reasonably calculated to lead to the discovery of admissible evidence.

Quoting directly from Rule 26 of the Federal Rules of Civil Procedure (controlling in all

federal courts and generally followed by all state courts) "Relevant information need not

be admissible at the trial if the discovery appears reasonably calculated to lead to the

discovery of admissible evidence." Due process includes our right to discovery, and our

right to discovery is NOT limited to "admissible evidence". Plaintiff is asking this Court

to deem the request admitted.

**Request No. 8:** Admit Defendants sent the Plaintiffs two emails notifications of

payments received in July of 2013 as well as two notices claiming they had not yet

received said payments.

**Response:** Ocwen, objects to this request as vague and ambiguous as providing no

context or  time frame for the alleged notifications & notices. Subject to & without

waiving those objections, Ocwen admits that multiple communications relating to the

July payments made by the the Borrower were made to the Plaintiffs."

**Basis for Motion to Compel:** Pursuant to FRCP 26 permits only three possible

responses to this request: 1) admit, 2) deny, and 3) Defendant is unable to admit or deny.

Ocwen objected to the Plaintiffs' request as it was vague & ambiguous as it provides no

context for the alleged statement.  Ocwen's reply shows the Court that they have no

good faith basis to deny the request. Ocwen did not make a request for a more direct

question.

The rules allow us to discover *any* fact "reasonably calculated to lead to the discovery of admissible evidence". Quoting directly from Rule 26 of the Federal Rules of Civil Procedure (controlling in all federal courts and generally followed by all state courts) "Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." Due process includes our right to discovery, and our right to discovery is NOT limited to "admissible evidence". Plaintiff is asking this Court to deem the request admitted.

**Request No. 9:** Admit Defendants' Ombudsman stated, "The collection of this loan was transferred to Nationstar Mortgage, LLC on May 16, 2013. For any questions pertaining to the repayments of the mortgage loan, credit reporting details, or any further questions regarding the loan, you may contact Nationstar Mortgage, LLC at (469) 549-2000.

**Response:** Ocwen objects to this request, as it is vaguely refers to "Defendants," and refers to an Ombudsman" without further description or context. Subject to and without waiving those objections, Ocwen, admits that the subject statement was sent and further states that the referenced statement from the subject statement was sent and further states that the referenced statement from the Ombudsman speaks for itself."

**Basis for Motion to Compel:** Pursuant to FRCP 26 permits only three possible responses to this request: 1) admit, 2) deny, and 3) Defendant is unable to admit or deny.

6

Ocwen objected to the Plaintiffs' request as it was vague & ambiguous as it provides no context for the alleged statement.  Ocwen's reply shows the Court that they have no good faith basis to deny the request. Ocwen did not make a request for a more direct question. Therefore the Defendants' answer should be to admit.

The rules allow us to discover *any* fact "reasonably calculated to lead to the discovery of admissible evidence". Quoting directly from Rule 26 of the Federal Rules of Civil Procedure (controlling in all federal courts and generally followed by all state courts) "Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." Due process includes our right to discovery, and our right to discovery is NOT limited to "admissible evidence". Plaintiff is asking this Court to deem the request admitted.

**Request No. 10:** Admit the Ombudsman's statement was false.

**Response:** Ocwen, objects to this request as it vaguely refers to a "statement" without context or definition.  Subject to & without waiving those objections, Ocwen, admits it was inaccurate.

**Basis for Motion to Compel:** Pursuant to FRCP 26 permits only three possible responses to this request: 1) admit, 2) deny, and 3) Defendant is unable to admit or deny. Ocwen objected to the Plaintiffs' request as it was vague & ambiguous as it provides no context for the alleged statement.  Ocwen's reply shows the Court that they have no good faith basis to deny the request. Ocwen did not make a request for a more direct

question. Therefore the Defendants' answer should be to admit.

The rules allow us to discover *any* fact "reasonably calculated to lead to the discovery of admissible evidence". Quoting directly from Rule 26 of the Federal Rules of Civil Procedure (controlling in all federal courts and generally followed by all state courts) "Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." Due process includes our right to discovery, and our right to discovery is NOT limited to "admissible evidence". Plaintiff is asking this Court to deem the request admitted.

**Request No. 12:** Admit that the Defendants, while still accepting monies for escrow to cover homeowners insurance, yet failed to make the payments to Allstate which caused the Plaintiffs' insurance to be canceled.

**Response:** Ocwen objects to this request as it refers to "Defendants" and as vague & ambiguous in referring to "accepting monies." Subject to and without waiving those objections, Ocwen admits that the escrow portion of the Borrower's monthly payment that Borrower was assessed and paid covered the taxes and homeowners insurance premium, but no homeowner's insurance was purchased. That matter has been corrected and the Borrower now has homeowner's insurance on the property, paid by Ocwen, and which will be assessed to the Borrower's monthly payment amount.

**Basis for Motion to Compel:** Pursuant to FRCP 26 permits only three possible responses to this request: 1) admit, 2) deny, and 3) Defendant is unable to admit or deny.

8

Ocwen objected to the Plaintiffs' request as it was vague & ambiguous as it provides no context for the alleged statement.  Ocwen's reply shows the Court that they have no good faith basis to deny the request. Ocwen did not make a request for a more direct question. Therefore the Defendants' answer should be to admit.

The rules allow us to discover *any* fact "reasonably calculated to lead to the discovery of admissible evidence". Quoting directly from Rule 26 of the Federal Rules of Civil Procedure (controlling in all federal courts and generally followed by all state courts) "Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." Due process includes our right to discovery, and our right to discovery is NOT limited to "admissible evidence". Plaintiff is asking this Court to deem the request admitted.

**Request No. 15**: Admit that the Defendants continued to contact the Plaintiffs after acknowledging they are in receipt of the Plaintiffs' cease and desist request.

**Response:**  Ocwen objects in that this request calls for a legal conclusion as to the propriety of a "cease & desist" letter to the Borrower's loan servicer & that Defendant is not considered a debt collector under the FDCPA as set out more fully in Defendant's motion to dismiss Plaintiffs' amended complaint.  Subject to & without waiving those objections, Ocwen admits that Plaintiffs may have been contacted for a short period after sending the cease and desist letter, but that shortly after the letter was received and contact was halted.

9

**Basis for Motion to Compel:**  Pursuant to FRCP 26 permits only three possible responses to this request: 1) admit, 2) deny, and 3) Defendant is unable to admit or deny. Ocwen objected to the Plaintiffs' request as it was vague & ambiguous as it provides no context for the alleged statement.  Ocwen's reply shows the Court that they have no good faith basis to deny the request. Ocwen did not make a request for a more direct question. Therefore the Defendants' answer should be to admit.

The rules allow us to discover *any* fact "reasonably calculated to lead to the discovery of admissible evidence". Quoting directly from Rule 26 of the Federal Rules of Civil Procedure (controlling in all federal courts and generally followed by all state courts) "Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." Due process includes our right to discovery, and our right to discovery is NOT limited to "admissible evidence". Plaintiff is asking this Court to deem the request admitted.

## REQUEST FOR PRODUCTION OF EVIDENCE AND RESPONSES

**Request No. 1:** The Plaintiffs formally demand, the accounting books, financial books, and records of the alleged owners of the Plaintiffs' note.

**Response:** Ocwen objects to this request as vague and ambiguous and irrelevant in requesting "the accounting books, financial books, and **records**." Subject to and without waiving those objections, Ocwen states that it is the loan servicer of the subject loans and provided a recent account history with the documents produced in its initial

disclosures. If Plaintiffs' request seeks the corporate financial records of either Ocwen or another entity, Ocwen objects to such a request as completely irrelevant.

**Basis for Motion to Compel:** The rules allow us to discover *any* fact "reasonably calculated to lead to the discovery of admissible evidence". The Federal Rules of Civil Procedure regarding discovery."Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." Due process includes our right to discovery, and our right to discovery is NOT limited to "admissible evidence".

The Plaintiffs, requested this information because of all the miss-truths, they don't know if any of the companies have any legal claim to their loan/ and or their property and excuse for not taking their word on these matters. Due to the constant untruths by the Defendants, and the Defendant's lack of actual evidence other than their word to prove otherwise, the Plaintiffs are asking this Court to deem, that Ocwen does not have any legal claim to their loan or property. The Defendants, must also make available for inspection and copying as under Rule 34 the documents or other evidentiary material, unless privileged or protected from disclosure.

Because the Defendant's have repeatedly failed to disclose the requested information, the Plaintiffs request the Court to deem that the Defendants, have no proof to show a just claim, to the Plaintiff's loan/property.

**Request No. 2:** We demand not servicing records, but affidavits of indebtedness to

Ocwen.

**Response:** Ocwen objects to this request as vague, ambiguous, undecipherable in

seeking "affidavits of indebtedness" may be used when a lender is pursuing foreclosure,

but it is not relevant or related to the claims made in this action.

**Basis for Motion to Compel:** The rules allow us to discover *any* fact "reasonably

calculated to lead to the discovery of admissible evidence". Federal Rules of Civil

Procedure regarding discovery states: "Relevant information need not be admissible at

the trial if the discovery appears reasonably calculated to lead to the discovery of

admissible evidence." Due process includes our right to discovery, and our right to

discovery is NOT limited to "admissible evidence".

The Plaintiffs, requested this information because of all the miss-truths, they don't know

if any of the companies have any legal claim to their loan/ and or their property and

excuse us for not taking their word on these matters.

The Defendants, must also make available for inspection and copying as under Rule

34 the documents or other evidentiary material, unless privileged or protected from

disclosure.  Because the Defendant's have repeatedly failed to disclose the requested

information, the Plaintiffs request the Court to deem that the Defendants, have no proof

to show a just claim, to the Plaintiff's loan/property. Due to the constant untruths by the

Defendants, and the Defendant's lack of actual evidence other than their word to prove

otherwise, the Plaintiffs are asking this court to deem, that Ocwen does not have any

legal claim to their loan or property.

**Request No. 4:** Ocwen's authenticated accounting and financial records of being the note owner, authenticated copies of servicing agreements and PSAs showing Ocwen has the right and authority to service the loan and/or foreclose.

**Response:** Ocwen objects to this request as vague, ambiguous, and irrelevant to the claims made. The claims pending have nothing to do with the Pooling and Servicing Agreement, and Plaintiffs have been informed that Ocwen is the loan servicer.

**Basis for Motion to Compel:** The rules allow us to discover *any* fact "reasonably calculated to lead to the discovery of admissible evidence". Quoting directly from Rule 26 of the Federal Rules of Civil Procedure. Also, because the Defendants, have told the Plaintiffs on several different occasions, that someone other than themselves serviced the Plaintiff's loan. By right, the Plaintiffs have the right to know the true status of their property. Plaintiffs are asking this Court to deem the requested information as admitted, that Ocwen, does not have any legal claim to their loan or property. The Defendants, must also make available for inspection and copying as under Rule 34 the documents or other evidentiary material, unless privileged or protected from disclosure. Because the Defendant's have repeatedly failed to disclose the requested information, the Plaintiffs request the Court to deem that the Defendants, have no proof to show a just claim, to the Plaintiff's loan/property. Due to the constant untruths by the Defendants, and the Defendant's lack of actual evidence other than their word to prove otherwise, the

Plaintiffs are asking this court to deem, that Ocwen does not have any legal claim to their loan or property.

**Request No. 5:** Authenticated document of custody records showing when the note was endorsed and came into Ocwen's physical possession.

**Response:** Ocwen objects to this request as vague, ambiguous, and irrelevant to the claims made, as there is no obligation for the lender or servicer to produce the promissory note. See Roper v. Bank of America, 2012 WL 1134805, at *2 (N.D. Ga. Apr. 4 2012); Watkins v. Beneficial, HSBC Mortg., 2010 WL 4318898, at *1 (N.D. Ga. May 14, 2009). Further, there would be no such "authenticated document" of this nature would exist.

**Basis for Motion to Compel:**  Because the Defendant's have repeatedly failed to disclose the requested information, the Plaintiffs request the Court to deem that the Defendants, have no proof to show a just claim, to the Plaintiff's loan/property. Due to the constant untruths by the Defendants, and the Defendant's lack of actual evidence other than their word to prove otherwise, the Plaintiffs are asking this court to deem, that Ocwen does not have any legal claim to their loan or property.

Due process includes our right to discovery, and our right to discovery is NOT limited to "admissible or relevant evidence". Also, because the Defendants, have told the Plaintiffs on several different occasions, that someone other than themselves serviced the Plaintiff's loan. By right, the Plaintiffs have the right to know the true status of their

property. Plaintiffs are asking this Court to deem, that Ocwen does not have any legal claim to their loan or property.

**Request No. 6:** The Plaintiffs request the actual "orginal" wet-ink promissory note and all endorsements there after.

**Response:** Ocwen objects to this request as production of the original or "wet ink" note is not required under Georgia law.

**Basis for Motion to Compel:** Because the Defendant's have repeatedly failed to disclose the requested information, the Plaintiffs request the Court to deem that the Defendants, have no proof to show a just claim, to the Plaintiffs loan/property. Due to the constant untruths by the Defendants, and the Defendant's lack of actual evidence, other than their word to prove otherwise, the Plaintiffs are asking this court to deem, that Ocwen does not have any legal claim to their loan or property.

Because, the Defendants, have constantly violated, the Plaintiffs Civil Rights and interrupted the enjoyment of their home due to these violations, as well as the fact that the Defendants, have been observed by an government entity, committing the same violations to millions of other customers of said Defendants, as well as false paperwork and perjury, the Defendants shouldn't be permitted to offer any opinions or testimony at trial in this lawsuit. The Plaintiffs should not be submitted to any further victimizing by the Defendants. The Court should order that this request is deemed admitted.

**WHEREFORE:** The Plaintiffs respectfully request that this Honorable Court grant the Plaintiffs' Motion and compel the Defendants to submit full and complete responses to the requests for admissions listed above or, in the alternative, that the Court order that the Plaintiffs' requests are deemed admitted and all the evidence the Defendants failed to submit to Plaintiffs, pursuant to FRCP 34 show that their lack of evidence, is further proof that Ocwen has no legal claim to the Plaintiffs' loan or property.

**REQUEST FOR AN EXPEDITED HEARING** As the discovery deadline expires on November 26, 2014, the Plaintiffs request an expedited hearing on their aforegoing Motion.

Respectfully Submitted,

*Cobrey & Maryam Bennett*

Verified by PDFfiller
10/16/2014       October 16, 2014

Cobrey & Maryam Bennett
965 Summerfield Dr
Cumming, GA 30040
Phone: 678-689-9601
Fax:  770-887-3109
email: maryamthomas@hotmail.com

16

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF GEORGIA

| | | |
|---|---|---|
| **COBREY BENNETT et. al.** | ) | **Civil Action No.: 2:13-cv-00243-JCF** |
| | ) | |
| **Plaintiffs,** | ) | **Judge J. Clay Fuller** |
| | ) | |
| **v.** | ) | **PLAINTIFF'S MEMORANDUM OF** |
| | ) | **LAW IN SUPPORT OF MOTION** |
| **OCWEN LOAN SERVICING, LLC,** | ) | **TO DETERMINE SUFFICIENCY** |
| | ) | **OF ANSWERS TO REQUESTS TO** |
| **Defendant.** | ) | **ADMIT** |
| | ) | |
| | ) | |

## I. INTRODUCTION

Plaintiffs Cobrey & Maryam Bennett filed this action to recover damages caused by defendants (Ocwen Loan Servicing, LLC) Defendants have answered the complaint with various denials, objections, & untruths.

First, the Plaintiffs requested a production of evidence via a subpoena 0n September 30th of 2013 which the defendants have yet to comply with.

Second, On December 10, 2013, the Plaintiffs served a request of admissions on the Defendants. The request sought admission of facts related to the complaint. Ocwen's counsel served the responses to the requests to admit on January 3, 2014. The answers were insufficient and do not comply with Rule 36(a)4 of the federal rules of civil procedure.

According to Fed. R. Cil. Pro. 36(a)4 *Answer.* If a matter is not admitted, the answer

must specifically deny it or state in detail why the answering party cannot truthfully admit or deny it. A denial must fairly respond to the substance of the matter; and when good faith requires that a party qualify an answer or deny only a part of a matter, the answer must specify the part admitted and qualify or deny the rest. The answering party may assert lack of knowledge or information as a reason for failing to admit or deny only if the party states that it has made reasonable inquiry and that the information it knows or can readily obtain is insufficient to enable it to admit or deny.

Keith Anderson has not responded to Plaintiffs' attempt to obtain to meet and confer regarding the responses and has just overall avoided the Plaintiffs altogether. The Plaintiffs even in good faith warned the Defendants, they had proof, that Mr Anderson, had lied on the court record to give him a chance to amend the matter to no avail. Accordingly, plaintiffs respectfully requests that the Court determine that the responses are insufficient and move the court to Determine Sufficiency of Defendant's Answers and Objections; For Entry of Order that the Matter is Admitted;

## LACK OF PRODUCTION OF EVIDENCE

Also the Plaintiffs, after purchasing a chain of title which was submitted to the Court shows that Mortgage Servicing LLC is the only company that had a title to our home. The allonge that shows Allquest, purchased the title is not mentioned which makes it false. Nor is Ocwen listed anywhere in the title chain.

Due to this the Plaintiffs have sent Ocwen and Allquest subpoenas for the production

of the accounting books, financial books, and records of the alleged owners of the Plaintiffs' note, affidavits of indebtedness to Ocwen, authenticated accounting and financial records of being the note owner, authenticated copies of servicing agreements and PSAs showing Ocwen has the right and authority to service the loan and/or foreclose, authenticated document of custody records showing when the note was endorsed and came into Ocwen's physical possession, & the actual "orginal" wet-ink promissory note and all endorsements there after.

## BACKGROUND

1. Plaintiffs have in good faith conferred and attempted to confer with the Defendant's counsel, in an effort to secure disclosure without court action.

2. The Plaintiffs, who requested discovery and filed Request for Admissions, move the Court, to determine the sufficiency of the answer and objections and for entry of the appropriate orders concerning production.

3. Unless the Court determines than an objection is justified, it shall order that an answer be served; If the Court determines that an answer does not comply with the requirements of the rule, enter an order that the matter is admitted.

## FACTUAL ALLEGATIONS

1. Mr. Anderson, lied in number 5 of doc 29-1. He claimed the he had not received Plaintiffs initial disclosures. Doc 29-1 was filed on 12/31/13, The Plaintiffs issued the Defense their initial disclosures on 11/15/2013. *See* (Ex A)

19

2. Mr Anderson also lied In his response to the request for admissions. In Response No. 3, Mr Anderson states, "Ocwen denies that it received a properly served subpoena under GA law, and denies that it did not comply with any properly served subpoena. Ocwen further states that this matter is in federal court and governed by the Federal Rules of Civil Procedure." The Plaintiffs' complaint was filed in state court. The subpoena was purchased, issued, and sent to Ocwen on September 30, 2013. The Defense did not move the case to federal court until 10/22/13. *See* (Ex A).

3. As part of Ocwen's consent agreement, they must ensure that facts asserted in its documents about borrowers' loans used are accurate and supported by reliable evidence. The Plaintiffs asked the defense for Ocwen's accounting books, financial books, and any records of sale/loss of the alleged owners of the Plaintiffs' note holder. The Defense objected to this request as completely irrelevant. The Plaintiffs disagrees. Ocwen's defense claimed they had no, fiduciary duty to the Plaintiffs. When the Plaintiffs stated Ocwen, had not loaned them any money the defense stated they issued credit. The Plaintiffs feel it is well within their right to request proof of the defense's claims of ownership of their property, because much like the defense's clients, the defense is giving conflicting and confusing information regarding the ownership of the Plaintiffs' loan.

4. During discovery, facts you seek do NOT have to be "admissible" in court ... *so long as they are "reasonably calculated to lead to the discovery of admissible*

*evidence"*. Quoting directly from Rule 26 of the Federal Rules of Civil Procedure (controlling in all federal courts and generally followed by all state courts) "Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence."

Due process includes our right to discovery, and our right to discovery is NOT limited to "admissible evidence". The defendant is refusing to accept any responsibility, even for painfully obvious facts that anyone reasonable would concede.

5. The Plaintiffs, sent Ocwen a request for production of said documents in January, and the only thing we have gotten is more copies of the servicing records, and objections to the request, "Stating objections for being irrelevant." The objections, are not inline with any of the FRCP regarding discovery.

## ARGUMENT

## A. APPLICABLE STANDARD

"Admissions are sought first to facilitate proof with respect to issues that cannot be eliminated from the case and, secondly to narrow the issues by eliminating those that can be. An admission on a matter of opinion may facilitate proof or narrow the issues or both." Olszewski v. new Britain General Hosp., 2000 WL 234718 (February 3, 2000) (Gaffney, J.) Federal Rule of Civil Procedure 36(a)(6) requires that answers to requests to admit "shall specifically deny the matter or set forth in detail the reason why the answering party cannot truthfully admit or deny the matter. A denial shall fairly meet the

substance of the requested admission, and when good faith requires that a party qualify his or her answer or deny only a part of the matter of which an admission is requested, such party shall specify so much of it as is true and qualify or deny the remainder. An answering party may not give lack of information or knowledge as a reason for failure to admit or deny unless such party states that he or she has made a reasonable inquiry and that the information known or readily obtainable by him or her is insufficient to enable an admission or denial."

Where a party has answered or objected to a request for admission, Allows the requesting party to seek a judicial determination of the sufficiency of the answer or objection; Hightower v. Walgreen Eastern Co., Inc., 2000 WL 1434054 (Conn.Super. September 15, 2000). The court may reject unjustified objections and order answers, and determine that, as to answers deemed non-compliant, either the matter be deemed admitted or an amended answer be served.

## B. THE COURT SHOULD REQUIRE OCWEN TO PROVIDE AMENDED RESPONSES TO THE PLAINTIFFS FIRST REQUEST FOR ADMISSIONS

1. Failure of responses to "meet the substance of the requested admission" and to specify the portions of the requested admissions that are true.

The responses to requests to admit nos. 1, 2, 3, 4, 5, 7, 8, 9, 12, 13, & 15, fail to comply with FRCP 26, which requires that "A denial shall fairly meet the substance of the requested admission, and when good faith requires that a party qualify his answer or

deny only a part of the matter of which an admission is requested, such party shall specify so much of it as is true and qualify or deny the remainder" as follows:

Responses:  1, 2, 3, 4, 5, 7, 8, 9, 12, 13, & 15 of the Plaintiffs' requests to admit. Ocwen objects to the requests as vauge and ambiguous and then admits to the requested information

Deficiency: Ocwen admits it called the Plaintiffs multiple times over the course of several months but only after he objected on the wording. The Defense is playing word games. Plaintiffs meaning coupled with the evidence has given the Defendants more than enough information to properly admit or deny the requested admissions. By crediting disingenuous, hair-splitting distinctions whose unarticulated goal is to unfairly burden the opposing party."Thalheim v. Eberheim, 124. F.R.D. 34, 35 (D. Conn. 1988)

## B. THE COURT SHOULD REQUIRE OCWEN TO SERVE AMENDED RESPONSES TO THE SECOND SET OF DISCOVERY DEMANDS.

Ocwen's responses to second set of discovery demands, responses, 1, 2,& 4-6 do not comply with 34(a)(1)(A&B), The Plaintiffs requested all the accounting, financial and record books of the alleged owners of the Plaintiffs' note, Affidavits of indebtedness to Ocwen, Ocwen's authenticated accounting and financial records of being the note owner & authenticated copies of servicing agreements and PSAs showing Ocwen has the right and authority to service our loan, Authenticated documents of custody records showing when the note was endorsed and came into Ocwen's physical possession, the wet ink

promissory note and all endorsements there after. Ocwen did not give the Plaintiffs any of these requested items, and they still have not given the Plaintiffs the calls requested in the subpoena.

## CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that the Court determine that Ocwen's answers to the requests for admission identified & the failure to produce requested discovery, herein are insufficient, and order the Defendants to serve amended answers and force Ocwen to comply with the discovery demand and give the Plaintiffs the requested documents. The Plaintiffs would also like the court to have the Defense give us proof of sale and loss regarding their loan. Or in the alternative have the Court to add the admissions as admitted, and the failure to comply with the production of evidence as proof that the Defendants, have no legal claims to either the Plaintiffs' loan or property

Respectfully Submitted                                                October 16, 2014

*Cobrey & Maryam Bennett*

> Verified by PDFfiller
> 10/16/2014

Cobrey and Maryam Bennett                          Phone: 678-689-9601
Pro Se Litigants                                                Fax: 770-887-3109
965 Summerfield Dr                                        email: maryamthomas@hotmail.com
Cumming, GA 30040

The Plaintiffs hereby declares that a copy of this motion will be sent to defense counsels

on the same day a copy is mailed to the court

*Cobrey & Maryam Bennett*                                    October16, 2014

Cobrey and Maryam Bennett
Pro Se Litigants
965 Summerfield Dr
Cumming, GA 30040
Phone: 678-689-9601
Fax: 770-887-3109
Email: maryamthomas@hotmail.com

25

**FONT CERTIFICATION**

**COMES NOW** Cobrey & Maryam Bennett., the Plaintiffs and hereby

certifies that the within and foregoing PLAINTIFF'S MEMORANDUM IN

SUPPORT OF   PLAINTIFFS' MOTION FOR JUDICIAL NOTICE. The

motion and memorandum in support of said motion was prepared using Times

New Roman, 14-point font in accordance with Local Rule 5.1.

Case 2:13-cv-00243-WCO    Document 87    Filed 10/17/14    Page 27 of 36

# Property Detail Report

For Property Located At :
**965 SUMMERFIELD DR, CUMMING, GA**
**30040-1016**



**U.S. TITLE RECORDS**
PROPERTY & TITLE INFORMATION

## Owner Information

| | | | |
|---|---|---|---|
| Owner Name: | **BENNETT COBREY SR & MARYAM** | | |
| Mailing Address: | **965 SUMMERFIELD DR, CUMMING GA 30040-1016 C004** | | |
| Vesting Codes: | **HW / / JT** | | |

## Location Information

| | | | |
|---|---|---|---|
| Legal Description: | **3-1 1247 LT76 UN2 SIENNA** | | |
| County: | **FORSYTH, GA** | APN: | **C03-000-134** |
| Census Tract / Block: | **1304.08 / 1** | Alternate APN: | |
| Township-Range-Sect: | | Subdivision: | **SIENNA SUB** |
| Legal Book/Page: | | Map Reference: | **C03 /** |
| Legal Lot: | **76** | Tract #: | |
| Legal Block: | | School District: | **1302220** |
| Market Area: | | School District Name: | **FORSYTH COUNTY SD** |
| Neighbor Code: | | Munic/Township: | **CUMMING** |

## Owner Transfer Information

| | | | |
|---|---|---|---|
| Recording/Sale Date: | **/** | Deed Type: | |
| Sale Price: | | 1st Mtg Document #: | |
| Document #: | | | |

## Last Market Sale Information

| | | | |
|---|---|---|---|
| Recording/Sale Date: | **12/01/2006 / 11/29/2006** | 1st Mtg Amount/Type: | **$300,000 / CONV** |
| Sale Price: | **$377,800** | 1st Mtg Int. Rate/Type: | **6.00 / ADJ** |
| Sale Type: | | 1st Mtg Document #: | **4542-609** |
| Document #: | **4542-608** | 2nd Mtg Amount/Type: | **$77,700 / CONV** |
| Deed Type: | **LIMITED WARRANTY DEED** | 2nd Mtg Int. Rate/Type: | **/** |
| Transfer Document #: | | Price Per SqFt: | **$154.71** |
| New Construction: | **Y** | Multi/Split Sale: | |
| Title Company: | **ATTORNEY ONLY** | | |
| Lender: | **QUICKEN LNS** | | |
| Seller Name: | **ODWYER HOMES INC** | | |

## Prior Sale Information

| | | | |
|---|---|---|---|
| Prior Rec/Sale Date: | **02/20/2006 / 02/02/2006** | Prior Lender: | **SUNTRUST BK** |
| Prior Sale Price: | **$104,400** | Prior 1st Mtg Amt/Type: | **$487,600 /** |
| Prior Doc Number: | **4167-265** | Prior 1st Mtg Rate/Type: | |
| Prior Deed Type: | **LIMITED WARRANTY DEED** | | **/** |

## Property Characteristics

| | | | | | |
|---|---|---|---|---|---|
| Gross Area: | **2,442** | Parking Type: | | Construction: | |
| Living Area: | **2,442** | Garage Area: | | Heat Type: | **HEAT AVAIL** |
| Tot Adj Area: | | Garage Capacity: | | Exterior wall: | **MASONITE** |
| Above Grade: | | Parking Spaces: | | Porch Type: | |
| Total Rooms: | | Basement Area: | | Patio Type: | |
| Bedrooms: | **4** | Finish Bsmnt Area: | | Pool: | |
| Bath(F/H): | **2 / 1** | Basement Type: | | Air Cond: | |
| Year Built / Eff: | **2006 /** | Roof Type: | | Style: | |
| Fireplace: | **/** | Foundation: | | Quality: | |
| # of Stories: | **2.00** | Roof Material: | | Condition: | |
| Other Improvements: | | | | | |

## Site Information

| | | | | | |
|---|---|---|---|---|---|
| Zoning: | | Acres: | **0.21** | County Use: | **RESIDENTL LAND (R3)** |
| Lot Area: | **9,148** | Lot Width/Depth: | **x** | State Use: | **RESIDENTIAL LOT (R3)** |
| Land Use: | **RESIDENTIAL (NEC)** | Res/Comm Units: | **/** | Water Type: | |
| Site Influence: | | | | Sewer Type: | |

## Tax Information

| | | | | | |
|---|---|---|---|---|---|
| Total Value: | **$240,110** | Assessed Year: | **2012** | Property Tax: | **$2,464.98** |
| Land Value: | **$70,000** | Improved %: | **71%** | Tax Area: | **001** |
| Improvement Value: | **$170,110** | Tax Year: | **2012** | Tax Exemption: | **HOMESTEAD** |
| Total Taxable Value: | | | | | |

**Street Map**
**Plus Report**
For Property Located
At

# U.S. TITLE RECORDS
## PROPERTY & TITLE INFORMATION

**965 SUMMERFIELD DR, CUMMING, GA 30040-1016**

View Interactive Map

RealQuest.com ® - Report      file:///C:/Users/maryamb/AppData/Local/Microsoft/Windows/Tempora...

Case 2:13-cv-00243-WCO    Document 87    Filed 10/17/14    Page 29 of 36

**Transaction History Report**



# U.S. TITLE RECORDS
## PROPERTY & TITLE INFORMATION

For Property Located At

## 965 SUMMERFIELD DR, CUMMING, GA 30040-1016

### TRANSACTION HISTORY

| History Record #: | **1** | | |
|---|---|---|---|
| *Finance:* | | | |
| Mtg Recording Date: | 11/30/2012 | Mtg Loan Type: | CONV |
| Mtg Document #: | 6493-185 | Mtg Rate Type: | |
| Document Type: | SECURITY DEED OF TR (MTG GA) | Mtg Term: | 30 YEARS |
| Lender: | MORTGAGE SVCS III LLC | Mtg Rate: | |
| Loan Amount: | $284,900 | Borrower Vesting: | // JT |
| Borrower 1: | BENNETT CORBEY SR | | |
| Borrower 2: | BENNETT MARYAM | | |
| Borrower 3: | | | |
| Borrower 4: | | | |

| History Record #: | **2** | | |
|---|---|---|---|
| *Sale:* | | | |
| Sale Recording Date: | 12/01/2006 | Sale Price: | $377,800 |
| Sale Date: | 11/29/2006 | Sale Price Type: | |
| Rec. Document #: | 4542-608 | Multi/Split Sale: | |
| Document Type: | LIMITED WARRANTY DEED | Other Document #: | |
| Title Company: | ATTORNEY ONLY | | |
| Buyer: | BENNETT COBREY SR & MARYAM | | |
| Seller: | ODWYER HOMES INC | | |
| *Finance:* | | | |
| Mtg Recording Date: | 12/01/2006 | Mtg Loan Type: | CONV |
| Mtg Document #: | 4542-609 | Mtg Rate Type: | ADJ |
| Document Type: | SECURITY DEED OF TR (MTG GA) | Mtg Term: | 30 YEARS |
| Lender: | QUICKEN LNS | Mtg Rate: | 6 |
| Loan Amount: | $300,000 | Borrower Vesting: | HW // JT |
| Borrower 1: | BENNETT COBREY SR | | |
| Borrower 2: | BENNETT MARYAM | | |
| Borrower 3: | | | |
| Borrower 4: | | | |
| *Finance:* | | | |
| Mtg Recording Date: | 12/01/2006 | Mtg Loan Type: | CONV |
| Mtg Document #: | 4542-634 | Mtg Rate Type: | |
| Document Type: | SECURITY DEED OF TR (MTG GA) | Mtg Term: | 15 YEARS |
| Lender: | QUICKEN LNS | Mtg Rate: | |
| Loan Amount: | $77,700 | Borrower Vesting: | // |
| Borrower 1: | BENNETT COBREY SR | | |
| Borrower 2: | BENNETT MARYAM | | |
| Borrower 3: | | | |
| Borrower 4: | | | |

| History Record #: | **3** | | |
|---|---|---|---|
| *Sale:* | | | |
| Sale Recording Date: | 02/20/2006 | Sale Price: | $104,400 |
| Sale Date: | 02/02/2006 | Sale Price Type: | |
| Rec. Document #: | 4167-265 | Multi/Split Sale: | |
| Document Type: | LIMITED WARRANTY DEED | Other Document #: | |
| Title Company: | ATTORNEY ONLY | | |
| Buyer: | ODWYER HOMES INC | | |
| Seller: | YOST COMMUNITIES INC | | |
| *Finance:* | | | |
| Mtg Recording Date: | 02/20/2006 | Mtg Loan Type: | |
| Mtg Document #: | 4167-266 | Mtg Rate Type: | |
| Document Type: | CONSTRUCTION DEED OF TRUST | Mtg Term: | 1 YEARS |
| Lender: | SUNTRUST BK | Mtg Rate: | |
| Loan Amount: | $487,600 | Borrower Vesting: | // |
| Borrower 1: | ODWYER HOMES INC | | |
| Borrower 2: | | | |
| Borrower 3: | | | |

RealQuest.com ® - Report       file:///C:/Users/maryamb/AppData/Local/Microsoft/Windows/Tempora...

Case 2:13-cv-00243-WCO    Document 87    Filed 10/17/14    Page 30 of 36

Borrower 4:

## Voluntary & Involuntary Lien 

**U.S. TITLE RECORDS**
PROPERTY & TITLE INFORM/

Owner: **BENNETT COBREY SR and BENNETT MARYAM**

# 965 SUMMERFIELD DR, CUMMING, GA, 30040-1016
County: , GA    APN: C03-000-134

Block/Lot: — / 76    Township/Range/Section: — / — / —

### Owner

| | |
|---|---|
| **Legal Description** | |

As of Date: **05/10/2014 09:54 PDT**
Owner: **BENNETT COBREY SR and BENNETT MARYAM**

Vesting: **HUSBAND/WIFE / / JOINT TENANTS**

3-1 1247 LT76 UN2 SIENNA

### Deed

Sale Date: **11/29/2006**
Recording Date: **12/01/2006**

Doc #: **4542-608**
Deed Type: **LIMITED WARRANTY DEED**

### Tax Information

— **Assessor** —
Tax Year: **2012**
Assessed Year: **2012**
Property Tax: **$2,464.98**

Total Taxable Value: **—**
Improvement Value: **$170,110**
Land Value: **$70,000**

Total Value: **$240,110**
Exemptions: **/ / HOMESTEAD / /**

### Property Transactions

— **Summary of Transactions** —

| | Date | Doc Type | Doc # | Seller | Lien Holder | Orig Doc # |
|---|---|---|---|---|---|---|
| 1 | 02/06/2014 | LIS PENDENS | 1400045 | | | |
| 2 | 11/30/2012 | SECURITY DEED OF TR (MTG GA) | 6493-185 | | MORTGAGE SVCS III LLC | |
| 3 | 03/07/2012 | NOTICE OF SALE | | | * OTHER INSTITUTIONAL LENDERS | 4542000609 |
| 4 | 12/01/2006 | LIMITED WARRANTY DEED | 4542-608 | ODWYER HOMES INC | | |
| 5 | 12/01/2006 | SECURITY DEED OF TR (MTG GA) | 4542-609 | | QUICKEN LNS | |
| 6 | 12/01/2006 | SECURITY DEED OF TR (MTG GA) | 4542-634 | | QUICKEN LNS | |

**LEGEND:** ⚑ Release    ⤷ Assignment

— **Transaction Details** —

**1 Foreclosure**

Recording Date: **02/06/2014**
Filing Date: **02/06/2014**
Document #: **1400045**
Default Date: **—**

Document Type: **LIS PENDENS**
Borrower 1: **OCWEN LN SERVICING LLC**
Borrower 2: **—**
Borrower 3+: **—**

Default Amount: —
Case Number: **13-243**
Trustee Sale #: —
Orig Recording Date: —
Orig Document #: —

Trustee Name: —
Trustee Phone #: —
Attorney Name: —
Attorney Phone: —
Lender: —
Title Company: —

## 2 Finance

Mtg Recording Date: **11/30/2012**
Mtg Date: **11/19/2012**
Mtg Document #: **6493-185**
Loan Amount: **$284,900**
Mtg Loan Type: **CONVENTIONAL**
Mtg Rate Type: —
Mtg Term: **30 YEARS**
Initial Mtg Rate: —

Document Type: **SECURITY DEED OF TR (MTG GA)**
Borrower 1: **BENNETT CORBEY SR**
Borrower 2: **BENNETT MARYAM**
Borrower 3+: —
Lender: **MORTGAGE SVCS III LLC**
Modified Amount: —

## 3 Foreclosure

Recording Date: **03/07/2012**
Filing Date: —
Document #: —
Default Date: —
Default Amount: —
Case Number: —
Trustee Sale #: **11-20233-CONV**
Orig Recording Date: **11/29/2006**
Orig Document #: **4542000609**

Document Type: **NOTICE OF SALE**
Borrower 1: **BENNETT COBREY SR**
Borrower 2: **BENNETT MARYAM**
Borrower 3+: —
Trustee Name: —
Trustee Phone #: —
Attorney Name: **MCCURDY & CANDLER LLC**
Attorney Phone: **(404) 373-1612**
Lender: **\* OTHER INSTITUTIONAL LENDERS**
Title Company: —

## 4 Sale

Sale Recording Date: **12/01/2006**
Sale Date: **11/29/2006**
Rec Document #: **4542-608**
Sale Price: **$377,800**
Sale Price Type: —
Multi/Split Sale: —
Vesting - Ownership Rights: —

Document Type: **LIMITED WARRANTY DEED**
Buyer 1: **BENNETT COBREY SR**
Buyer 2: **BENNETT MARYAM**
Buyer Vesting & Relationship Type: —
Seller: **ODWYER HOMES INC**
Title Company: **ATTORNEY ONLY**

## 5 Finance

Mtg Recording Date: **12/01/2006**
Mtg Date: **11/29/2006**
Mtg Document #: **4542-609**
Loan Amount: **$300,000**
Mtg Loan Type: **CONVENTIONAL**
Mtg Rate Type: **ADJUSTABLE INT RATE LOAN**
Mtg Term: **30 YEARS**
Initial Mtg Rate: **6**

Document Type: **SECURITY DEED OF TR (MTG GA)**
Borrower 1: **BENNETT COBREY SR**
Borrower 2: **BENNETT MARYAM**
Borrower 3+: —
Lender: **QUICKEN LNS**
Modified Amount: —

## 6 Finance

Mtg Recording Date: **12/01/2006**
Mtg Date: **11/29/2006**
Mtg Document #: **4542-634**
Loan Amount: **$77,700**
Mtg Loan Type: **CONVENTIONAL**
Mtg Rate Type: —

Document Type: **SECURITY DEED OF TR (MTG GA)**
Borrower 1: **BENNETT COBREY SR**
Borrower 2: **BENNETT MARYAM**
Borrower 3+: —
Lender: **QUICKEN LNS**
Modified Amount: —

10/16/2014 12:45 PM

Mtg Term: **15 YEARS**
Initial Mtg Rate: —

## Personal Liens

### 1  Personal Tax Lien

Recording Date: **05/05/2011**
Document #: **1234663**
Document Book/Page: **271-211**
Tax Lien Serial/Cert #: —
Lien Amount: **$1,317**
Tax Lien Period: **12/31/2009 - 01/01/2009**
Tax Lien Date: **01/24/2011**

Document Type: **STATE TAX LIEN**
Taxpayer Name: **BENNETT COBREY G**
Tax Payer Address: **965 SUMMERFIELD DR**
Tax Payer City, State, Zip: **CUMMING, GA, 30040**
Lien Issuing Agency: **GEORGIA DEPARTMENT OF REVENUE**

### 2  Personal Tax Lien Amendment/Release

Recording Date: **08/14/2012**
Document #: **1307366**
Document Book/Page: **297-612**
Taxpayer Name: **BENNETT COBREY G**
Document Type: **RELEASE OF STATE TAX LIEN**
Orig Recording Date: **05/05/2011**

Orig Document Book/Page: **271-211**
Orig Document #: **1234663**
Lien Amount: —
Lien Issuing Agency: —
Tax Lien Serial/Cert #: —

### 3  Personal Tax Lien Amendment/Release

Recording Date: **08/14/2012**
Document #: **1307366**
Document Book/Page: **297-612**
Taxpayer Name: **BENNETT MARYAM T**
Document Type: **RELEASE OF STATE TAX LIEN**
Orig Recording Date: **05/05/2011**

Orig Document Book/Page: **271-211**
Orig Document #: **1234663**
Lien Amount: —
Lien Issuing Agency: —
Tax Lien Serial/Cert #: —

### 4  Personal Tax Lien

Recording Date: **05/05/2011**
Document #: **1234663**
Document Book/Page: **271-211**
Tax Lien Serial/Cert #: —
Lien Amount: **$1,317**
Tax Lien Period: **12/31/2009 - 01/01/2009**
Tax Lien Date: **01/24/2011**

Document Type: **STATE TAX LIEN**
Taxpayer Name: **BENNETT MARYAM T**
Tax Payer Address: **965 SUMMERFIELD DR**
Tax Payer City, State, Zip: **CUMMING, GA, 30040**
Lien Issuing Agency: **GEORGIA DEPARTMENT OF REVENUE**

### 5  Personal Tax Lien

Recording Date: **05/27/2010**
Document #: —
Document Book/Page: **244-312**
Tax Lien Serial/Cert #: —
Lien Amount: **$2,807**
Tax Lien Period: **12/31/2008 - 01/01/2008**
Tax Lien Date: **04/05/2010**

Document Type: **STATE TAX LIEN**
Taxpayer Name: **BENNETT COBREY G**
Tax Payer Address: **965 SUMMERFIELD DR**
Tax Payer City, State, Zip: **CUMMING, GA, 30040**
Lien Issuing Agency: **GEORGIA DEPARTMENT OF REVENUE**

### 6  Personal Tax Lien

Recording Date: **05/27/2010**
Document #: —
Document Book/Page: **244-312**
Tax Lien Serial/Cert #: —
Lien Amount: **$2,807**

Document Type: **STATE TAX LIEN**
Taxpayer Name: **BENNETT MARYAM T**
Tax Payer Address: **965 SUMMERFIELD DR**
Tax Payer City, State, Zip: **CUMMING, GA, 30040**
Lien Issuing Agency: **GEORGIA DEPARTMENT OF**

RealQuest.com ® - Report                    file:///C:/Users/maryamb/AppData/Local/Microsoft/Windows/Tempora...

Case 2:13-cv-00243-WCO   Document 87   Filed 10/17/14   Page 34 of 36

Tax Lien Period: **12/31/2008 - 01/01/2008**          **REVENUE**
Tax Lien Date: **04/05/2010**

## 7  Personal Tax Lien

Recording Date: **10/06/2009**                    Document Type: **STATE TAX LIEN**
Document #: --                                    Taxpayer Name: **BENNETT MARYAM T**
Document Book/Page: **223-258**                   Tax Payer Address: **965 SUMMERFIELD DR**
Tax Lien Serial/Cert #: --                        Tax Payer City, State, Zip: **CUMMING, GA, 30040**
Lien Amount: **$1,473**                           Lien Issuing Agency: --
Tax Lien Period: **12/31/2007 - 01/01/2007**
Tax Lien Date: **07/07/2009**

## 8  Personal Tax Lien

Recording Date: **10/06/2009**                    Document Type: **STATE TAX LIEN**
Document #: --                                    Taxpayer Name: **BENNETT COBREY G**
Document Book/Page: **223-258**                   Tax Payer Address: **965 SUMMERFIELD DR**
Tax Lien Serial/Cert #: --                        Tax Payer City, State, Zip: **CUMMING, GA, 30040**
Lien Amount: **$1,473**                           Lien Issuing Agency: --
Tax Lien Period: **12/31/2007 - 01/01/2007**
Tax Lien Date: **07/07/2009**

## 9  Bankruptcy

Case Date: **12/10/2008**                         Document Type: **BANKRUPTCY OPEN CASE**
Chapter: **7**                                    Debtor's Name: **COBREY BENNETT**
Case #: **08-23643-REB**                          Trustee Name: --
Status Date: **12/10/2008**                       Attorney Name: --
Dismissed Date: --                                Court Name: **GEORGIA NORTHERN BANKRUPTCY**
Discharged Date: --                               **COURT**
Conversion Date: --
Closed Date: **05/14/2009**

## 10  Bankruptcy

Case Date: **12/10/2008**                         Document Type: **BANKRUPTCY OPEN CASE**
Chapter: **7**                                    Debtor's Name: **MARYAM BENNETT**
Case #: **08-23643-REB**                          Trustee Name: --
Status Date: **12/10/2008**                       Attorney Name: --
Dismissed Date: --                                Court Name: **GEORGIA NORTHERN BANKRUPTCY**
Discharged Date: --                               **COURT**
Conversion Date: --
Closed Date: **05/14/2009**

## 11  Bankruptcy Amendment/Release

Case Date: **12/10/2008**                         Document Type: **BANKRUPTCY DISCHARGED**
Chapter: **7**                                    Debtor's Name: **COBREY BENNETT**
Case #: **08-23643-REB**                          Trustee Name: --
Status Date: **08/14/2009**                       Attorney Name: --
Dismissed Date: --                                Court Name: **GEORGIA NORTHERN BANKRUPTCY**
Discharged Date: **08/14/2009**                   **COURT**
Conversion Date: --
Closed Date: **05/14/2009**

## 12  Bankruptcy Amendment/Release

Case Date: **12/10/2008**
Chapter: **7**
Case #: **08-23643-REB**
Status Date: **08/14/2009**
Dismissed Date: —
Discharged Date: **08/14/2009**
Conversion Date: —
Closed Date: **05/14/2009**

Document Type: **BANKRUPTCY DISCHARGED**
Debtor's Name: **MARYAM BENNETT**
Trustee Name: —
Attorney Name: —
Court Name: **GEORGIA NORTHERN BANKRUPTCY COURT**

## 13  Bankruptcy Amendment/Release

Case Date: **12/10/2008**
Chapter: **7**
Case #: **08-23643-REB**
Status Date: **08/14/2009**
Dismissed Date: —
Discharged Date: **08/14/2009**
Conversion Date: —
Closed Date: **09/10/2009**

Document Type: **BANKRUPTCY DISCHARGED**
Debtor's Name: **COBREY BENNETT**
Trustee Name: —
Attorney Name: —
Court Name: **GEORGIA NORTHERN BANKRUPTCY COURT**

## 14  Bankruptcy Amendment/Release

Case Date: **12/10/2008**
Chapter: **7**
Case #: **08-23643-REB**
Status Date: **08/14/2009**
Dismissed Date: —
Discharged Date: **08/14/2009**
Conversion Date: —
Closed Date: **09/10/2009**

Document Type: **BANKRUPTCY DISCHARGED**
Debtor's Name: **MARYAM BENNETT**
Trustee Name: —
Attorney Name: —
Court Name: **GEORGIA NORTHERN BANKRUPTCY COURT**

## Recording Information for County of Subject Search

| | Sales | Mortgages | Assignments | Releases | Foreclosures | Lien/Judgments | Bankruptcy |
|---|---|---|---|---|---|---|---|
| History Start Date | 01/01/1982 | 08/01/1998 | 08/04/2006 | 08/04/2006 | 08/01/1998 | 03/21/2007 | 01/01/2003 |
| Rec. Thru. Date | 05/01/2014 | 05/01/2014 | 04/30/2014 | 05/01/2014 | 04/30/2014 | 05/02/2014 | 05/07/2014 |

DISCLAIMER: THIS VOLUNTARY AND INVOLUNTARY LIEN REPORT IS A REFLECTION OF INFORMATION CONCERNING THE SUBJECT PROPERTY CONTAINED IN CORELOGIC DATABASES INCLUDING BUT NOT LIMITED TO PROPERTY RECORD DATA, TAX DATA, VOLUNTARY AND INVOLUNTARY LIEN DATA, AND AVM DATA. THIS VOLUNTARY AND INVOLUNTARY LIEN REPORT IS NOT A CHAIN OF TITLE REPORT, TITLE REPORT, OR ANY OTHER REPRESENTATION BY CORELOGIC REGARDING THE CONDITION OF TITLE TO REAL PROPERTY, AND MAY NOT INCLUDE COMPLETE INFORMATION OR DOCUMENTATION THAT PROVIDES CONSTRUCTIVE NOTICE WITH RESPECT TO ANY CHAIN OF TITLE. THIS REPORT SHOULD NOT BE UTILIZED TO DETERMINE THE CONDITION OF TITLE TO REAL PROPERTY OR TO ISSUE OR UNDERWRITE TITLE INSURANCE POLICIES. THIS REPORT IS NOT AN INSURED REPORT. THIS REPORT IS PROVIDED 'AS IS' WITHOUT WARRANTY OF ANY KIND, EITHER EXPRESS OR IMPLIED, INLCUDING WITHOUT LIMITATION ANY WARRANTIES OF MERCHANTABILITY OR FITNESS FOR A PARTICULAR PURPOSE. THIS REPORT IS PREPARED EXCLUSIVELY FOR THE REQUESTOR OF THIS REPORT.



Cobrey & Maryam Bennett
965 Summerfield Dr
Cumming, GA 30040

U.S. POSTAGE
PAID
CUMMING, GA
30040
OCT 16, 14
AMOUNT
$5.75
00106697-19

1006
30501

Federal Building
121 Spring St SE
Room 201
Gainesvilles, GA 30501

PRIORITY MAIL
TRACKED
INSURED

UNITED STATES POSTAL SERVICE.
For Domestic Use Only

Label 107R, July 2013

Expected Delivery Day: 10/17/14
USPS TRACKING NUMBER

9505 5110 6697 4289 6476 55