**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF GEORGIA
GAINESVILLE DIVISION**

| | | |
|---|---|---|
| **COBREY and MARYAM BENNETT,** | ) ) ) | |
| **Plaintiffs,** | ) ) | |
| **v.** | ) ) | **Civil Action No. 2:13-cv-00243-** |
| **OCWEN LOAN SERVICING, LLC,** | ) ) | **JCF** |
| **Defendant.** | ) ) | |

---

**DEFENDANT'S RESPONSE IN OPPOSITION TO
PLAINTIFFS' "MOTION CHALLENGING THE SUFFICIENCY OF THE
DEFENDANT'S RESPONSES TO THE PLAINTIFFS' REQUESTS FOR
ADMISSION OF FACT & MOTION TO COMPEL THE PRODUCTION OF
REQUESTED DISCOVERY DOCUMENTS"**

---

Defendant Ocwen Loan Servicing, LLC ("Ocwen"), files this Response in Opposition to "Plaintiffs' Motion Challenging the Sufficiency of the Defendant's Responses to the Plaintiffs' Requests for Admission of Fact & Motion to Compel the Production of Requested Discovery Documents." (Doc. 87). Defendant has sufficiently responded to Plaintiffs' Requests for Admission and Plaintiffs requests for documents seeks the production of documents that are irrelevant to the two remaining claims.

## I. Introduction and Background

1.      Plaintiffs' Amended Complaint arises from a promissory note plaintiff Cobrey Bennett executed in connection with a mortgage loan transaction on real property located at 965 Summerfield Drive, Cumming, Georgia.  The subject loan in the amount of $284,900.00 was executed by Plaintiff Cobrey Bennett on November 19, 2012. (*See* Am. Compl., Doc. 16, ¶ 5).

2.      On or about September 24, 2013, Plaintiffs, acting *pro se*, commenced this action by filing a Complaint against Defendants in the Superior Court of Forsyth County, Georgia, Case No. 13SC-1473-B. (*See* Compl. Doc. 1)

3.      On or about October 22, 2013, Defendant removed this action to the United States District Court for the Northern District of Georgia, Gainesville Division, Civil Action No.: 2:13-cv-00234-WCO. (Doc. 1).

4.      On or about October, 28, 2013, Plaintiffs, acting *pro se*, filed an amended complaint against Defendant. (Doc. 6).

5.      On December 10, 2013, Plaintiffs, acting *pro se*, filed and propounded Requests for Admissions to Defendant Ocwen Loan Servicing. (*See* Doc. 17-1).

6.      On December 12, 2013, Ocwen filed Defendant's Partial Motion to Dismiss and a Memorandum in Support of the same for failure to state a claim upon which relief could be granted. (Doc. No.19).

7.     On January 3, 2014, Defendant responded to Plaintiffs' Requests for Admission.

8.     On January 6, 2014, Plaintiffs served Defendant's counsel with a "Discovery Demand."  The "Discovery Demand" stated, verbatim, as follows:

> The Plaintiffs in the a fore mentioned case formally demand, the accounting books, financial books, and records of the alleged owners of the Plaintiffs' note?   We demand not servicing records, but affidavits of indebtedness to Ocwen.
> When a borrower's note is sold, the alleged note owner no longer owns the note.  Hence, they no longer have any beneficial rights in the note to assign to anyone, including the servicing of the mortgage.
>
> Ocwen's authenticated accounting and financial records of being the note owner, authenticated copies of servicing agreements and PSAs showing Ocwen has the right and authority to service the loan and/or foreclose; Also, authenticated document custody records showing when the note was endorsed and came into Ocwen's physical possession. Finally the actual 'original' wet-ink promissory note and all endorsements there after.

9.     Defendant served its Initial Disclosures pursuant to the Court's Scheduling Order and produced documents to Plaintiffs on January 13, 2014, which included production of origination documents, account payment history, and correspondence related to Plaintiffs' purported Qualified Written Request and account status.

10.     On February 5, 2014, Defendant responded to Plaintiffs' "Discovery Demand," even though it was not properly described under the Federal Rules of Civil Procedure.

11. A Non-Final Report and Recommendation was entered on May 13, 2014, recommending dismissal of 12 of Plaintiffs' 15 causes of action. (Doc. 60).

12. An Order adopting the Report and Recommendation was entered on August 12, 2014. (Doc 74). The only two remaining substantive claims in this action are: (1) conversion and (2) violation of the Real Estate Settlement and Procedures Act (RESPA). (Docs. 60 and 74).[1]

17. Defendant provided a supplemental production of documents to Plaintiffs on August 27, 2014.

## II. Arguments and Authorities

Only two claims remain against Defendant, and Plaintiffs' voluminous requests are irrelevant to the claims made. While the undersigned counsel recognizes the general dictates of Fed. R. Civ. P. 26 that Plaintiffs repeat over and over, the Court retains broad discretion to determine relevancy and limit discovery. *See Aeritas, LLC v. Delta Airlines, Inc*., 2013 WL 454452, at *2 (N.D. Ga. Feb. 7, 2013). Now that the Court has appropriately whittled this case down from 15 claims to the remaining two causes of action for conversion and alleged violation of RESPA, the only relevant documents relate to the payment history to show the status of the account and how payments were applied, and then any correspondence between the borrower and the servicer pertaining to RESPA.

---

[1] Plaintiffs also have a "claim" for punitive damages (Count XVI in the Amended Complaint) that is tied to the success of their conversion claim.

This is a simple case about payments and the loan account, and Plaintiffs are not entitled, as they seek here, to an unfettered "fishing expedition" of extraneous, irrelevant documents that have no impact on their claims.[2]   *See Tyree v. Hartford Life & Acc. Ins. Co.*, 2011 WL 4352006, at *2 (S.D. Miss. Sept. 15, 2011) (quoting *Crosby v. La. Health Serv. and Indemnity Co.,* 647 F.3d 258 (5th Cir. 2011) ("Rule 26(b) 'has never been a license to engage in an unwieldy, burdensome, and speculative fishing expedition'"); *United States v. Lake County Bd. Of Commissioners*, 2006 WL 1660598, at *1 (N.D. Ind. June 7, 2006) (internal citations omitted) ("[t]he relevancy requirement should not be misapplied so as to allow fishing expeditions in discovery").

### A. Requests for Admission

Ocwen stands by its objections and responses to Plaintiffs' Requests for Admission Nos. 3,[3] 5, 7, 8, 9,[4] 10, 12, and 15.  Most of Plaintiffs' Requests were vague and confusingly worded as stated in the objections, and an examination of

---

[2] Undersigned counsel denies Plaintiffs' allegations that he has misrepresented anything.  (Doc. 87, pp. 19-20).  Plaintiff's initial disclosures were not produced until late January 2014.  (*See* Doc. 37).

[3] Defendant notes the Court's determination that Plaintiffs' purported serving of a subpoena on Defendant was improper.  (Minute Entry, October 17, 2014).

[4] Plaintiffs' Motion (Doc. 87, p. 6) misquotes Defendant's objections and response to Requuest for Admission No. 9.  The actual response was "Ocwen objects to this request as it vaguely refers to 'Defendants,' and refers to an 'Ombudsman' without further description or context. Subject to and without waiving those objections, Ocwen admits that the subject statement was sent and further states that the referenced statement from the Ombudsman email address speaks for itself."

the Defendant's responses shows that Defendant did admit or deny each request as best as could be expected subject to the objections. Further, now that this matter only involves causes of action for conversion and alleged violation of RESPA, most of the requests are completely irrelevant to the pending claims. Plaintiffs' repeated assertion that "Ocwen did not make a request for a more direct question" (Doc. 87, *passim*), is not required under the Federal Rules and is not the responding parties' burden. Defendant appropriately objected to confusing or irrelevant requests, and responded in good faith to the requests subject to the noted objections. Plaintiffs' Motion pertaining to the responses to the Requests for Admission should be denied.

### B. Requests for Documents

#### 1. Conversion Claim

Defendant has produced all relevant documents for a conversion claim. Generally, there is no viable conversion claim for money, because while money constitutes personal property, "it is intangible personalty that is fungible, as it belongs to a class of property which cannot be differentiated by specific identification unless there has been created a specific fund that has been set aside from other money." *Reis v. Ralls,* 250 Ga. 721, 723(1), 301 S.E.2d 40 (1983); *Branch v. Alliance Syndicate*, 220 Ga.App. 561, 564(2), 469 S.E.2d 807 (1996). A narrow exception exists when the allegedly converted money is shown to

compromise a specific, separate, identifiable fund. *Grant v. Newsome*, 201 Ga.App. 710(1), 411 S.E.2d 796 (1991); *Taylor v. Powertel, Inc.*, 250 Ga. App. 356, 359, 551 S.E.2d 765, 769-70 (2001). In the case of mortgage payments, a successful plaintiff must "isolate and present specific instances of the Defendants' failure to credit payments and properly tie the facts to each element of the conversion claims." *Hand v. ABN AMRO Mortgage Grp., Inc.*, 2013 WL 6383128 at *10 (S.D. Ga. Dec. 5, 2013).

Here, Plaintiffs' Amended Complaint alleges that Defendant did not give Plaintiffs proper credit for payments and charged improper fees. (*See* Doc. 16, Am. Compl, ¶¶ 79-82). The only documents that are relevant to Plaintiffs' conversion claim are those that relate to the payment history to evaluate whether any specific monies were not applied pursuant to the terms of the Note and Security Deed. Defendant produced the payment history of the account (and produced an updated payment history in August 2014) along with correspondence from Ocwen reflecting that any previous fees were removed and that the account was current, except for the fact that Plaintiffs stopped making any payments on the loan from August 2013 to the present.

Plaintiffs' Motion to Compel seeks documents that are completely irrelevant to any conversion claim, likely based on internet propaganda. Requests related to "accounting books, financial books, and records," "affidavits of indebtedness"

(which does not even exist), and for the subject promissory note, or an "authenticated document of custody records showing when the note was endorsed" are simply not relevant to the claims pending.   Defendant's counsel is in possession of the original note in this matter, and will produce that original note for the *court's review* if requested, but there is no requirement to produce an original note to the Plaintiffs.  *See, e.g., Tonea v. Bank of America, N.A.*, -- F.Supp.2d --, 2014 WL 1092348, at *10 (N.D. Ga. Mar. 18, 2014) (rejecting and dismissing "produce the original promissory note" theory); *Carr v. Bank of America*, 2013 WL 8609735, at *5 (N.D. Ga. Oct. 24, 2014) (quoting *Sellers v. Bank of America, N.A.*, 2012 WL 1873005, at *7 (N.D. Ga. May 21, 2012)) ("Georgia law does not require a lender to produce the original loan document even when the lender is taking affirmative action such as commencing a foreclosure proceeding");  *Roper v. Bank of America*, 2012 WL 1134805, at *2 (N.D. Ga. Apr. 4, 2012).  Plaintiffs repeatedly ask the Court "to deem that the Defendants, have no proof to show a just claim, to the Plaintiff's loan/property [sic]" (Doc. 87, *passim*) but copies of the Note and Security Deed have both been produced.

Plaintiffs are in default under their loan obligations and are attempting to stir up controversy by any means they can create.   The relevant documents for Plaintiffs' conversion claim relate to the payment history, which has been produced.   Defendant should not be required to produce anything further as

Plaintiffs' requests for extraneous documents are not reasonably calculated to lead to the discovery of admissible evidence for any actual claim that the Plaintiffs have pending as numerous cases have held. *See Haase v. Countrywide Home Loans, Inc., et al.*, 748 F.3d 624, 631 (5th Cir. 2014) (affirming denial of *pro se* plaintiff's motion to compel discovery against banking defendants as requests were overbroad and not relevant and borrowers had been provided with copies of essential documents needed to support their claim); *Davis-Burton v. CitiMortgage, Inc.*, 2013 WL 4327995, at *4 (N.D. Ga. Sept. 18, 2012) (denying *pro se* plaintiff's motion to compel documents that had no relevance to the issues in the case); *Johnson v. McLaughlin*, 2014 WL 2480617, at *2 (M.D. Ga. June 3, 2014) (denying *pro se* plaintiff's motion to compel where document requests were overbroad and plaintiff had not made any effort to clarify or limit scope).

### 2. RESPA Claim

Defendant has produced all relevant documents related to any alleged RESPA claim. Plaintiffs' Amended Complaint alleges violations of 12 U.S.C. § 2605(e) and (k). (*See* Doc. 16, Am. Compl. ¶ ¶ 74-78). RESPA requires loan servicers to respond to borrower's servicing related any potential Qualified Written Requests (QWR) and make appropriate corrections, conducting an investigation, and "provid[ing] the borrower with a written explanation or clarification that includes…information requested by the borrower or an explanation of why the

information requested is unavailable or cannot be obtained by the servicer."   12 U.S.C. § 2605(e)(2)(C).

Defendant has produced all correspondence related to the purported QWR sent by Plaintiffs and the responses provided by Ocwen.  Further, Defendant has produced the payment history and correspondence described above that set out the status of the account, with all fees waived.  There is nothing further that can be produced related to a RESPA claim.

### III. Conclusion

Plaintiffs' Motion to Compel is due to be denied.  Defendant has sufficiently responded to Plaintiffs' Requests for Admission and has produced all relevant documents related to the remaining two claims of conversion and RESPA.

Respectfully submitted this the 31st day of October, 2014.

        /s/Keith S. Anderson

Keith S. Anderson (Bar No. 136246)
Bradley Arant Boult Cummings, LLP
One Federal Place
1819 Fifth Avenue North
Birmingham, Alabama 35203
Telephone: (205) 521-8000
Facsimile: (205) 521-8800
kanderson@babc.com
ATTORNEY FOR DEFENDANT OCWEN LOAN SERVICING, LLC

## **CERTIFICATE OF SERVICE**

I hereby certify that I have this date served the above and foregoing on:

       Maryam & Cobrey Bennett
       965 Summerfield Drive
       Cumming, GA 30040

by placing a copy of same in the United States Mail, first-class postage prepaid and addressed to his regular mailing address, on this the 31st day of October, 2014.

            /s/Keith S. Anderson
            OF COUNSEL