IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF GEORGIA
GAINESVILLE DIVISION

| | |
|---|---|
| COBREY and MARYAM BENNETT,<br><br>Plaintiffs,<br><br>v.<br><br>OCWEN LOAN SERVICING, LLC,<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)  Civil Action No. 2:13-cv-00243-<br>)  WCO-JCF<br>)<br>)<br>) |

**DEFENDANT'S RESPONSE TO PLAINTIFFS' "FACTUAL ALLEGATIONS OF MOTION FOR SUMMARY JUDGMENT"**

Defendant Ocwen Loan Servicing, LLC ("Ocwen" or "Defendant") by and through its undersigned counsel, and pursuant to Local Rule 56.1(B)(2), respectfully submits this Response to Plaintiffs' "Factual Allegations of Motion for Summary Judgment" pleading (Doc. 96-1). As a preliminary matter, Plaintiffs' "Factual Allegations of Motion for Summary Judgment" (Doc. 96-1) does not comply with the requirements of Fed. R. Civ. P. 56(c) and Local Rule 56.1(B) as it makes irrelevant and immaterial statements without citation to admissible

evidence.[1] To the extent that Plaintiffs' filing[2] seeks to satisfy the requirement of a statement of material facts under the local rule requirement, each of the allegations has been addressed in turn in accordance with Local Rule 56.1(B)(2):

1.     The Court should not consider Paragraph 1 as it lacks admissible evidentiary support as it cites only to pleadings in violation of Local Rule 56.1(B)(1)(b) and Fed. R. Civ. P. 56(c)(2), and is irrelevant and immaterial to the only remaining causes of action pending before the Court per Local Rule 56.1(B)(2)(a)(2). Further, Plaintiffs were indisputably in default on their loan so any default mailings were justified. (Affidavit of Nicole Tollefson, hereinafter "Tollefson Aff.," attached hereto as Attachment 1, ¶¶ 27-28).

2.     The Court should not consider Paragraph 2 as it is irrelevant and immaterial to the only remaining causes of action pending before the Court per Local Rule 56.1(B)(2)(a)(2). Further, the fact that Plaintiffs were in default on the subject loan demonstrates that any property inspections performed would have

---

[1] Plaintiffs only attachments in support are comprised of a purported "Criminal Affidavit" in their Exhibit B (Doc. 96-2) that does not discuss anything related to the only pending claims for conversion or violation of RESPA, nor is it cited to in Plaintiffs' "Factual Allegations," and then a collection of random and non-descript documents in their Exhibit C (Doc. 96-3). None of their submissions constitute sufficient, admissible evidence in support of Summary Judgment under Fed. R. Civ. P. 56(c)(2) & (3) and Local Rule 56.1.

[2] Plaintiffs filed a "Factual Allegations of Motion for Summary Judgment" as Doc. 96-1 with 27 paragraphs to which Defendant is responding. Plaintiffs also included a "Material Factual Allegations Not in Dispute" section in their Motion (Doc. 96, pp. 4 – 9) comprised of 22 paragraphs that are the same or substantially similar to most of Plaintiffs' "Factual Allegations of Motion for Summary Judgment," but with no citations to any authorities or evidence. Only the "Factual Allegations of Motion for Summary Judgment" (Doc. 96-1) pleading contains citations to any source, and Defendant has responded to that pleading in its best attempt to comply with Local Rule 56.1.

been valid. (Tollefson Aff., ¶ 4, Exhibit B (Security Deed), ¶ 5 ("Lender may inspect the Property if the Property is vacant or abandoned or the loan is in default.")).

3. The Court should not consider Paragraph 3 as it lacks admissible evidentiary support and is irrelevant and immaterial to the only remaining causes of action pending before the Court per Local Rule 56.1(B)(2)(a)(2). Further, the fact that Plaintiffs were in default on the subject loan demonstrates that any property inspections performed would have been valid. (Tollefson Aff., ¶ 4, Exhibit B (Security Deed), ¶ 5 ("Lender may inspect the Property if the Property is vacant or abandoned or the loan is in default.").

4. The Court should not consider Paragraph 4 as it lacks admissible evidentiary support where Plaintiffs' cited evidence (Doc. 9, Attach 2, Ex. J, p. 2-3) is non-descript, inadmissible, and does not support Plaintiffs' contentions pursuant to Local Rule 56.1(B)(2)(a)(2) and Fed. R. Civ. P. 56(c)(2). Similarly, this purported evidence fails to support or correspond to Plaintiffs' actual motion pleading (Doc. 96, pp. 16-17) which merely generically describes conversion and fails to articulate any description of Plaintiffs' loan account or put forth sufficient evidence for a viable conversion claim. Further, a review of Plaintiffs' cited "evidence" (Doc. 9, Attach 2, Ex. J, p. 2-3) reflects that the insurance policy's status was "ACTIVE."

5.     The Court should not consider Paragraph 5 as it is irrelevant and immaterial to the only remaining causes of action pending before the Court per Local Rule 56.1(B)(2)(a)(2). Further, while this paragraph is confusing and undecipherable as to Plaintiffs' reference to "proof of sale and/or loss," it is also undermined by the existence of a valid, recorded security deed on the subject property. (Tollefson Aff., ¶ 6, Exhibit B).

6.     The Court should not consider Paragraph 6 as it cites only to a pleading and is irrelevant and immaterial to the only remaining causes of action pending before the Court per Local Rule 56.1(B)(2)(a)(2). Further, Plaintiffs' contention is simply not correct as there is a valid security deed on the subject property that is in full force and effect, recorded on November 30, 2012, in Forsyth County, at Book 6493, Page 185-198. (Tollefson Aff., ¶ 6, Exhibit B). An examination of Plaintiffs' cited evidence reveals that *only* the *previous* security deed on the property – from November 29, 2006, recorded on December 1, 2006, at Book No. 4542, Page 634 – was cancelled, obviously only upon being paid off in connection with the creation of the subject loan that resulted in the current security deed being on the property. (*See* Doc. 33, Exhibit 1, pp. 10-11)

7.     Although Plaintiffs do not cite to any admissible evidence for this point (merely stating "See (Ex)"), Defendant acknowledges that there is a valid security deed on the subject property that is in full force and effect, recorded on

November 30, 2012, in Forsyth County, at Book 6493, Page 185-198. (Tollefson Aff., ¶ 6, Exhibit B).

8.      The Court should not consider Paragraph 8 as it lacks admissible evidentiary support per Local Rule 56.1(B)(1)(a) and is irrelevant and immaterial to the only claims before the Court per Local Rule 56.1(B)(2)(a)(2). Further it is undisputed that Ocwen Loan Servicing, LLC was and is the loan servicer of the subject loan and Plaintiffs' contentions as to third parties are irrelevant and immaterial to the only remaining causes of action pending before the Court. (Tollefson Aff., ¶ 6).

9.      The Court should not consider Paragraph 9 as it is irrelevant and immaterial to the only remaining causes of action pending before the Court per Local Rule 56.1(B)(2)(a)(2). Further, Defendant denies that a valid subpoena was issued pursuant to the Federal Rules of Civil Procedure, and the Court specifically denied Plaintiffs' Motion for Issuance of Subpoena as to Defendant via a minute entry on October 17, 2014. (*See* Docket Minute entry on October 17, 2014). Defendant's Response to Plaintiffs' Motion to Compel further addresses Plaintiffs' demands for information. (*See* Doc. 88).

10.     The Court should not consider Paragraph 10 as it lacks admissible evidentiary support, contains legal conclusions, and is irrelevant and immaterial to the remaining claims per Local Rule 56.1(B)(1)(b) and (B)(2)(a)(2). Plaintiffs'

5

accusation of "no active assignment" is confusing and inaccurate, and Plaintiffs provide only speculation with no admissible evidence to support their contention of a fraudulent assignment. In any case, Plaintiffs lack standing to challenge any assignments of mortgages so their contentions must be completely disregarded. *See Montgomery v. Bank of Am.*, 321 Ga.App. 343, 740 S.E.2d 434, 438 (2013); *Stabb v. GMAC Mortg., LLC*, 579 Fed. App'x 706, 709 (11th Cir. 2014) ("Georgia courts have repeatedly held that a debtor does not have standing to challenge the assignment of a security deed"); *Parker v. U.S. Bank Nat. Ass'n.*, 580 Fed. App'x 776, 777 (11th Cir. 2014) (affirming dismissal of borrower's claims because plaintiff lacked standing to contest an assignment of mortgage because she was not a party to the assignment); *Walker v. U.S. Bank Nat. Ass'n.*, 572 Fed. App'x 740, 743 (11th Cir. 2014) (same); *Muhammad v. JPMorgan Chase Bank, NA*, 567 Fed. App'x 851, 855 (11th Cir. 2014) (a borrower is "not a party to the assignment at issue, so he could not contest the assignment under Georgia law"); *Sheely v. Bank of America, N.A.*, -- F. Supp. 2d --, 2014 WL 3893019, at *8 (N.D. Ga. Aug. 11, 2014) (same).

11. The Court should not consider Paragraph 11 as it lacks any evidentiary support whatsoever with citation only to "See (Ex)", and it is irrelevant and immaterial to the remaining claims per Local Rule 56.1(B)(1)(b) and (B)(2)(a)(2). Further, as set out in the response to Paragraph 10 above, Plaintiffs

lack standing to challenge assignments in any respect.

13. The Court should not consider Paragraph 12 as it lacks admissible evidentiary support, contains legal conclusions, is purely speculative, and is completely irrelevant and immaterial to the remaining claims per Local 56.1(B)(1) and (B)(2)(a). Even as alleged, there is no basis for contentions of "fraudulent" information or a "fraud upon the court."

13. The Court should not consider Paragraph 13 as it is irrelevant and immaterial to the only remaining causes of action pending before the Court per Local Rule 56.1(B)(2)(a)(2). To the extent this paragraph purports to support a claim for a violation of the Fair Debt Collection Practices Act, it is moot as the claim was previously dismissed by the Court. (Docs. 60, 72).

14. The Court should not consider Paragraph 14 as it lacks admissible evidentiary support per Local Rule 56.1(B)(1)(a), citing only "Ex A pg 2," and contains only a vague reference with no specifics. Ocwen did not submit any improper credit information as Plaintiffs have been in default on the subject loan since August 2013, which would warrant any delinquent credit reporting, and Ocwen suppressed all credit reporting from May – November 2013. (Tollefson Aff., ¶¶ 32, 33, 34).

15. The Court should not consider Paragraph 15 as it is irrelevant and immaterial to the only remaining causes of action pending before the Court and

cites only to another pleading, per Local Rule 56.1(B)(1) and (B)(2)(a)(2). To the extent this paragraph purports to support a claim for a violation of the Fair Debt Collection Practices Act, the claim is moot having been previously dismissed by the Court. (Docs. 60, 72).

16. The Court should not consider Paragraph 16 as it cites only to a pleading and contains legal conclusions in violation of Local Rule 56.1(B)(1), and is irrelevant and immaterial to the only remaining causes of action pending before the Court per Local Rule 56.1(B)(2)(a)(2). Further, Plaintiffs provide no explanation for the alleged "predatory practices" or "illegitimate" transaction, and it is well established that there is no cognizable claim for purported "predatory lending." *Sampson v. Washington Mut. Bank*, 453 Fed. App'x 863, 868 (11th Cir. 2011); *DeWeese v. JPMorgan Chase Bank, N.A.*, 2013 WL 6178546, at *7 (N.D. Ga. Nov. 25, 2013). Finally, Plaintiffs are indisputably in default on the subject loan. (Tollefson Aff., ¶ 33, 34).

17. The Court should not consider Paragraph 17 as it is irrelevant and immaterial to the only remaining causes of action pending before the Court, per Local Rule 56.1(B)(2)(A)(2). Plaintiffs' mention of a "consent order" is inappropriate and irrelevant as individual borrowers do not have any private cause of action under any consent order with a government entity. *See Winders v. CitiMortgage, Inc.*, 2013 WL 4039399, at *2 (M.D. Ga. Aug. 7, 2013) (borrowers

have no cause of action for any alleged breach of a consent judgment); *Metellus v. Bank of Am., N.A.*, 2013 WL 1129399, at *3 (N.D. Ga. Mar. 19, 2013) (a mortgagor, as a non-party to the consent judgment, has no standing to enforce it or bring a claim). Further, this Court has noted that it will only consider the Defendant's actions towards Plaintiffs and not "[g]eneralized allegations of wrongdoing by Ocwen with respect to its servicing of other person's loans." (Doc. 54, p. 6).

18. The Court should not consider Paragraph 18 it lacks admissible evidentiary support with citation only to a pleading and is otherwise non-descript, irrelevant, and immaterial to the claims remaining before the Court per Local Rule 56.1(B)(1) and (B)(2)(a). Plaintiffs make no connection between the statements in this section and their Motion for Summary Judgment to articulate any cause of action. (Doc. 96).

19. The Court should not consider Paragraph 19 as it lacks admissible evidentiary support with citation only to a pleading and is completely irrelevant and immaterial to the remaining claims per Local 56.1(B)(1) and (B)(2)(a)(2). Plaintiffs make no connection between the statements in this section and their Motion for Summary Judgment to articulate any cause of action. (Doc. 96).

20. The Court should not consider Paragraph 20 as it cites only to "*See (Ex)*", lacks citation to any admissible evidence, and offers bare legal conclusions

in violation of Local Rule 56.1(B)(1). Further, this paragraph is irrelevant and immaterial to the only remaining causes of action pending before the Court, and Plaintiffs lack standing to challenge any assignment of mortgage as described in Paragraph 10 above. Ocwen is the loan servicer on the subject loan, and there is a recorded security deed on the subject property to refute Plaintiffs' claims. (Tollefson Aff., ¶ 6, Exhibit B).

21.   The Court should not consider Paragraph 21 as it cites only to pleadings without any admissible evidentiary support and is otherwise non-sensical. Ocwen is the loan servicer on the subject loan, and there is a valid promissory note and recorded security deed on the subject property to refute Plaintiffs' claims. (Tollefson Aff., ¶ 6, Exhibits A and B).

22.   The Court should not consider Paragraph 22 as it contains legal conclusions in violation of LR 56.1(B)(1)(b) and is irrelevant to the only remaining causes of action pending before the Court. Ocwen is the loan servicer of the subject loan where there is a valid and recorded security deed on the property. (*See* Tollefson Aff., ¶ 6, Exhibits A and B). With respect to the allegedly improper assignments, Plaintiffs lack standing to challenge such assignments as set out in Paragraph 10 above. Finally, Mortgage Electronic Registration Systems, Inc. ("MERS") is the nominee for the lender on the security deed (Tollefson Aff., ¶ 6, Exhibit B, p. 1) and "Georgia courts recognize MERS's authority as a nominee."

*Tonea v. Bank of America*, 6 F. Supp. 3d 1331, 1343 (N.D. Ga. 2014) (citing *Brown v. Fed. Nat'l Mortg. Ass'n*, 2011 WL 1134716 (N.D. Ga. Feb. 28, 2011)).

23. The Court should not consider Paragraph 23 as it lacks admissible evidentiary support with citation only to a pleading, contains legal conclusions, and is irrelevant and immaterial to the remaining claims per Local Rule 56.1(B)(1)(b) and (B)(2)(a)(2). Plaintiffs have only bare speculation with no admissible evidence in support of their contentions relating to any assignment of mortgage. In any case, Plaintiffs lack standing to challenge any assignments of mortgages so their contentions must be completely disregarded as set out in Paragraph 10 above.

24. The Court should not consider Paragraph 24 as it cites only to a pleading and lacks admissible evidentiary support and contains legal conclusions in violation of Local Rule 56.1(B)(1)(b). Plaintiffs' claims are irrelevant and immaterial to the only remaining causes of action pending before the Court per Local Rule 56.1(B)(2)(a)(2). Ocwen is the loan servicer of the subject loan where there is a valid and recorded security deed on the property. (Tollefson Aff., ¶ 6, Exhibits A and B). Similar frivolous claims by *pro se* borrowers attempting to assert that no debt exists or no security deed exists have been rejected. *See Tonea*, 6 F. Supp3d at 1336 (dismissing claims that no debt existed because plaintiff acknowledged the debt when signing the note and security deed); *Sanders v. Bank of America, N.A.*, 2013 WL 6587783, at *5 n.11 (N.D. Ga., Oct. 1, 2013)

(dismissing allegation and finding that "plaintiff's argument that he was not loaned money is belied by the promissory note he signed to obtain the loan to purchase the property").

25. The Court should not consider Paragraph 25 as it lacks admissible evidentiary support as it cites only to "See (Ex)" and contains legal conclusions in violation of Local Rule 56.1(B)(1)(b). The allegations of Paragraph 25 are irrelevant and immaterial to the claims pending before the Court per Local Rule 56.1(B)(2)(a)(2). Plaintiffs' allegation that Ocwen and non-party Allquest not being mentioned in the "chain of title" does not create any cloud upon the title as loan servicers do not need to be listed within any chain of title, and there is no authority to the contrary.

26. The Court should not consider Paragraph 26 as it cites no authority or admissible evidentiary support whatsoever and contains legal conclusions in violation of Local Rule 56.1(B)(1)(b). Further, the allegations in Paragraph 26 are irrelevant and immaterial to the only remaining causes of action pending before the Court per Local Rule 56.1(B)(2)(a)(2) and are otherwise non-sensical. Finally, Selene Finance is not a party to the instant suit. (*See* Doc. 77).

27. The Court should not consider Paragraph 27 as it is a legal contention with no evidentiary citation or support. Defendant directs the court's attention to Defendant's Response in Opposition to Plaintiff's Motion to Compel for further

discussion as to Plaintiffs' demands. (Doc. 88).

Respectfully submitted this 9th day of January, 2015.

/s/Keith S. Anderson
Keith S. Anderson (Bar No. 136246)
Bradley Arant Boult Cummings, LLP
One Federal Place
1819 Fifth Avenue North
Birmingham, Alabama 35203
Telephone: (205) 521-8000
Facsimile: (205) 521-8800
kanderson@babc.com
ATTORNEY FOR DEFENDANT OCWEN LOAN SERVICING, LLC

**Certification of Compliance**

Pursuant to Local Rule 7.1(D), the undersigned certifies that this document has been prepared in accordance with Local Rule 5.1(B).

/s/Keith S. Anderson
Counsel

**CERTIFICATE OF SERVICE**

I hereby certify that I have this date served the above and foregoing on:

Maryam & Cobrey Bennett
965 Summerfield Drive
Cumming, GA 30040

by placing a copy of same in the United States Mail, first-class postage prepaid and addressed to his regular mailing address, on this the 9th day of January, 2015.

/s/Keith S. Anderson
Counsel