IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF GEORGIA
GAINESVILLE DIVISION

| | |
|---|---|
| COBREY and MARYAM BENNETT, | ) ) ) |
| Plaintiffs, | ) ) ) |
| v. | ) ) ) |
| OCWEN LOAN SERVICING, LLC, | ) Civil Action No. 2:13-cv-00243-WCO-JCF ) ) |
| Defendant. | ) |

**DEFENDANT OCWEN LOAN SERVICING, LLC'S
MOTION FOR TEMPORARY INJUNCTION AND TO ENJOIN FUTURE
FILINGS PENDING FURTHER ORDER OF THE COURT**

Defendant Ocwen Loan Servicing, LLC ("Ocwen" or "Defendant") by and through its undersigned counsel, respectfully submits this Emergency Motion for Temporary Injunction pursuant to Local Rule 7.2(B).

## Facts

1. *Pro se* Plaintiffs have submitted numerous filings before the Court.

2. Both parties have filed Motions for Summary Judgment, which are pending before the Court now.

3. No order for relief or any judgment has been issued in the case.

1

4. Plaintiffs multiple filings, including their "Motion for Declaratory Relief" and "Specific Negative Averment" have no basis or authority. (*See* Docs. 103 and 104 and Defendant's responses at 105 and 106, respectively).

5. On February 10, 2015, Ocwen's counsel received an e-mail from Plaintiffs' threatening to "issue a levy" against Ocwen's Financial Headquarters in Atlanta (*see* Exhibit A), and Plaintiffs are directly contacting senior executives at Ocwen who have nothing to do with this litigation.

## Arguments and Authorities

### I. Threat to Levy Defendant's Property without any judgment or basis

In general, the granting of a preliminary injunction is warranted if the moving party shows: (1) a substantial likelihood of success on the merits; (2) irreparable injury will be suffered unless the injunction issues; (3) the threatened injury to the movant outweighs whatever damage the proposed injunction may cause the opposing party; and (4) if issued, the injunction would not be adverse to the public interest. *Bloedorn v. Grube*, 631 F.3d 1218, 1229 (11th Cir. 2011).

A civil litigant has no authority to "issue a levy" against private property without an actual enforceable judgment. Plaintiffs have no such order and they have no grounds whatsoever to attempt to levy and repossess any of Defendant's property. Defendant has demonstrated not only that summary judgment is warranted in its favor (Doc. 93 and 93-1), but certainly that Plaintiffs' Motion for

Declaratory Judgment and "Specific Negative Averment" both have no support whatsoever. The potential injury to Defendant is certainly irreparable as Defendant's employees may have to address this frivolous attempt to levy property when there are no grounds for such an attempt. Plaintiffs, on the other hand, are not suffering any damage as they have no legal basis for their attempted actions. Finally, it is certainly in the public's interest to enjoin attempts to levy or repossess property without any judgment or other legal authority. Plaintiffs' actions cannot be condoned.

## II.     Further filings from Plaintiffs pending further order of the Court

Additionally, the Court should enjoin Plaintiffs' further filings until this matter is resolved on summary judgment or until further order of the Court. Although the Court previously denied Defendant's Motion for Temporary Injunctive Relief (*see* Docs. 44 and 48), such an injunction is warranted at this stage. The Court has the inherent power to control its docket and litigants in order to maintain judicial efficiency. *See Martin-Trigona v. Shaw*, 986 F.2d 1384, 1386-87 (11th Cir. 1993) ("Federal courts have both the inherent power and the constitutional obligation to protect their jurisdiction from conduct with impairs their ability to carry out Article III functions"); *Edelen v. Campbell Soup Co.*, 265 F.R.D. 676, 690 (N.D. Ga. 2010) (internal citations omitted) ("courts may enter orders or injunctions appropriate to protect both the courts and the rights of

litigants in the federal system"). The 11th Circuit has recognized that a district court has "considerable discretion" in restricting the filings of an excessive *pro se* litigator. *See Cofield v. Alabama Pub. Serv. Comm'n,* 936 F.2d 512, 518 (11th Cir. 1991); *Traylor v. City of Atlanta,* 805 F.2d 1420, 1422 (11th Cir. 1986); *Cuyler v. Ley,* 2013 WL 4776347 at * 7 (N.D. Ga. Sept. 5, 2013); *Dean v. ARA Envtl. Servs., Inc.*, 124 F.R.D. 224, 227 (N.D. Ga. 1988) aff'd sub nom. *Dean v. K-Mart Corp.,* 890 F.2d 1166 (11th Cir. 1989). Courts are authorized to take "creative[ ] actions to discourage hyperactive litigators as long as some access to the courts is allowed." *See Cofield,* 936 F.2d at 518; *Traylor,* 805 F.2d at 1422; *Dean*, 890 F.2d at 227.

In *Traylor v. City of Atlanta,* the 11th Circuit upheld an order from a District Court for the Northern District of Georgia that limited further filings from an overly litigious *pro se* litigant and removed any obligation to respond on the part of the named defendants. See 805 F.2d 1420, 1422 (11th Cir. 1986). Similarly, in *Cofield v. Alabama Pub. Serv. Comm'n,* the 11th Circuit upheld a district court order requiring a litigious plaintiff to seek preapproval by a federal judge for all future fillings. *See* 936 F.2d 512, 518 (11th Cir. 1991). The 11th Circuit acknowledged that the order had the effect of delaying the entry of the plaintiff's filings but found this delay to be acceptable in light of the overly litigious nature of the plaintiff. *See id*. at 518. The same outcome resulted in *Dean v. ARA Envtl.*

*Servs., Inc* where the district court entered an injunction limiting the ability of an overly litigious *pro se* litigant to file additional claims. *See* 124 F.R.D. 224, 227 (N.D. Ga. 1988) aff'd sub nom. *Dean v. K-Mart Corp.,* 890 F.2d 1166 (11th Cir. 1989). The court, once again, based its opinion on the well-established rule permitting limitations of this sort so long as the plaintiff maintains *some* access to the court. *See id.*

### III.   Sanctions

Finally, Defendant seeks an order sanctioning Plaintiffs for their repeated filings with no legal support. District courts have the inherent power to impose sanctions when a party has "acted in bad faith, vexatiously, wantonly, or for oppressive reasons." *Byrne v. Nezhat*, 261 F.3d 1075, 1106 (11th Cir. 2011) (overturned on other grounds); *see also*, *Watts v. Taylor, Bean & Whitaker Mortg. Corp.*, 2011 WL 2610492, at *3 (M.D. Ga. July 1, 2011) (ordering Rule 11 sanction of attorneys' fees against *pro se* borrower for frivolous filings). Plaintiffs have continued to contact senior executives rather than the undersigned counsel regarding the litigation. The resources of both Defendant and the Court have been unnecessarily wasted in having to deal with Plaintiffs' unreasonably-numerous filings, and Plaintiffs have shown no hesitation for filing further matters.

## Conclusion

Defendant seeks an order from the Court enjoining and prohibiting Plaintiffs Cobrey and Maryam Bennett from issuing, pursuing, or attempting to levy anything against Defendant's personal or real property, striking Plaintiffs' "Administrative Affidavit of Specific Negative Averment" (Doc. 104) from the docket, enjoining Plaintiffs from further contact with Defendant's senior executives, enjoining Plaintiffs' future filings pending the Court's ruling on summary judgment or further order of the Court, and sanctioning Plaintiffs for their repeated filings.

Defendant requests oral argument if the Court deems it necessary.

Respectfully submitted this 11th day of February, 2015.

/s/Keith S. Anderson
Keith S. Anderson (Bar No. 136246)
Bradley Arant Boult Cummings, LLP
One Federal Place
1819 Fifth Avenue North
Birmingham, Alabama 35203
Telephone: (205) 521-8000
Facsimile: (205) 521-8800
kanderson@babc.com
ATTORNEY FOR DEFENDANT OCWEN LOAN SERVICING, LLC

## Certification of Compliance

Pursuant to Local Rule 7.1(D), the undersigned certifies that this document has been prepared in accordance with Local Rule 5.1(B).

                                        /s/Keith S. Anderson
                                        Counsel

## CERTIFICATE OF SERVICE

I hereby certify that I have this date served the above and foregoing on:

    Maryam & Cobrey Bennett
    965 Summerfield Drive
    Cumming, GA 30040

by placing a copy of same in the United States Mail, first-class postage prepaid and addressed to his regular mailing address, on this the 11th day of February, 2015.

                                        /s/Keith S. Anderson
                                        Counsel