IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
GAINESVILLE DIVISION

| | | |
|---|---|---|
| COBREY BENNETT and MARYAM BENNETT, | : : : | |
| Plaintiffs, | : : | |
| v. | : : : | CIVIL ACTION NO. 2:13-cv-00243-WCO-JCF |
| OCWEN LOAN SERVICING, LLC, | : : | |
| Defendant. | : | |

### **ORDER**

This case illustrates the danger of knowledge without comprehension. Plaintiffs brought a bevy of claims against defendant. Plaintiffs are approximately eighteen months delinquent on their mortgage, but defendant has not initiated foreclosure proceedings. Earlier in the litigation, the court dismissed all of plaintiffs' claims other than their Real Estate Settlement Procedures Act ("RESPA") claim, conversion claim, and claim for punitive damages.

Undeterred, plaintiffs continue to assert non-viable claims via motion. For example, their "Motion for a Declaratory Judgment" [103] is nothing more than a transparent attempt to revive equitable claims that the court found to be dead on arrival. (*See* Mot. 3, ECF No. 103) (attempting to raise a claim for a declaratory judgment clearing title and adding "1 to 100 John Does" as defendants).

Plaintiffs' overly litigious conduct reached its apex when they repeatedly contacted Ocwen executives and threatened to levy upon defendant's property. At this point, defendant moved the court to enjoin plaintiffs from (1) filing any additional material in this case pending the magistrate judge's report and recommendation on the parties' motions for summary judgment, (2) contacting any executive or employee at Ocwen other than counsel, and (3) attempting to levy upon defendant's property. (Def.'s Mot. 6, ECF No. 107).

**I. An Injunction is Appropriate**

"All federal courts are vested with inherent powers enabling them to manage their cases and courtrooms effectively and to ensure obedience to their orders." *F.J. Hanshaw Enters., Inc. v. Emerald River Dev., Inc.*, 244 F.3d 1128, 1136 (9th Cir. 2001). The power to control proceedings before the court includes "the authority to impose 'reasonable and appropriate sanctions.'" *See Martin v. Automobili Lamborghini Exclusive, Inc.*, 307 F.3d 1332, 1335 (11th Cir. 2002) (quoting *Malautea v. Suzuki Motor Co., Ltd.*, 987 F.2d 1536, 1545 (11th Cir. 1993)). It also allows the court to "protect itself from the abusive practices of pro se litigants." *United States v. Barker,* 182 F.R.D. 661, 664 (S.D. Ga. 1998) (citation omitted). After reviewing the filings in this case and holding a hearing on defendant's motion, the court finds that exercising these powers is appropriate.

## A. Brief Overview of Filings and Impressions from Hearing

The theory asserted in plaintiffs' motion for a declaratory judgment and related filings is a conspiratorial offshoot of the "show me the note" argument rejected by the Georgia Supreme Court in *You v. JP Morgan Chase Bank*, 293 Ga. 67, 743 S.E.2d 67, 74 (Ga. 2013) ("Under current Georgia law, the holder of a deed to secure debt is authorized to exercise the power of sale in accordance with the terms of the deed even if it does not also hold the note or otherwise have any beneficial interest in the debt obligation underlying the deed."). Plaintiffs' theory, as far as the court can decipher, is that the defendant and related entities invalidated the note during the securitization process by (1) transferring the note to an invalid trust, (2) transferring the note between different subsidiaries of defendant, (3) converting the note into stock, (4) or some combination of the preceding.

The filings bear many hallmarks of legally spurious claims. They often use copious quantities of legalese. References to admiralty jurisdiction and "honor in commerce" is another giveaway. (*See* Aff. Specific Negative Averment 1, ECF No. 104). The filings often tie together laws that have absolutely nothing to do with each other. (*See id.* at 3) (requesting a "verification of debt" under the Administrative Procedure Act and for compliance with 18 U.S.C. § 2071). Usually, the coup d'état is some fantastical "contract" or procedural invalidation by which the mortgage

servicer invalidated its security interest and note. (*See id.* at 3) ("Because, [sic] Ocwen and it's [sic] counsel filed the enclosed attachments after being given Notice of a Negative Averment if, without proving any legal claim, [defendant and its counsel] would be entered into a contract with [plaintiffs] with both entities to each [sic] pay $6,000,000 each."). As one court in this district observed:

> Plaintiff's allegations are remarkably similar to those in numerous other cases that have been filed by plaintiffs (often unrepresented) in an effort to delay, prevent or even reverse foreclosures and dispossessory actions. Such lawsuits—wherein the plaintiffs often make rambling, incomprehensible and/or conclusory allegations about mortgage industry practices such as the securitization of mortgages, and the MERS assignment and registration system, allege that the promissory note and the security deed have been improperly "split" or separated, and demand to see the [wet-ink] promissory note—have become commonplace.

*Jorgensen v. Fed. Home Loan Mortg. Corp.*, 2013 WL 5200598, at *3 (N.D. Ga. Sept. 13, 2013) (listing cases).

It's nonsense. While plaintiffs are entitled to latitude because they are proceeding *pro se*, that latitude is not boundless. "Rule 11 imposes upon both attorneys and pro se litigants the burden . . . of ascertaining that there is a reasonable position for maintaining the action or position taken in the papers." *Brown v. Consol. Freightway*, 152 F.R.D. 656, 660 (N.D. Ga. 1993).

Both in their filings and during the hearing, plaintiffs continued to press defunct legal claims. Rather than respond to the court's order to show cause, plaintiffs

reiterated arguments that the securitization process somehow invalidated the note and extinguished their loan.[1] Based on plaintiffs' filings and their conduct during the hearing, the court finds that plaintiffs failed to show cause why the filing injunction should not continue.

## II. Injunction Request

### A. Filing Freeze

Plaintiffs may not attempt to circumvent the court's earlier orders by filing amended complaints dressed as motions and acting as if dismissed claims are still viable. (*See* Aff. Specific Negative Averment, ECF No. 104) (raising a "counterclaim" for defendant's failure to cure its "dishonor in commerce"). While the court gives "special solicitude" towards *pro se* litigants, the court's accommodations do not extend to "the willful, obstinate refusal to play by the basic rules of the system upon whose very power the [plaintiffs are] calling to vindicate [their] rights." *Pandozy v. Segan*, 518 F. Supp. 2d 550, 558 (S.D.N.Y. 2007). Plaintiffs'

---

[1] These arguments are, of course, completely meritless. *See, e.g.*, *Goodridge v. Quicken Loans, Inc.*, 2014 WL 5364947, at *5 (S.D. Ga. Oct. 21, 2014) ("The Court is unaware of any legal authority–and the [plaintiffs] provide none–supporting the proposition that the securitization of a debt insulates a debtor from foreclosure or relieves a debtor of the obligation to repay."); *Tonea v. Bank of Am., N.A.*, 2014 WL 1092348, at *3 (N.D. Ga. March 18 2014); *Jorgensen*, 2013 WL 5200598, at *3; *Williams v. Wells Fargo Bank, N.A.*, 2013 WL 1189500, at *2 (N.D. Ga. March 21, 2013) ("Assuming that plaintiff's Note was used as an investment instrument, there is no legal or factual basis for concluding that the Note was invalidated, or the debt rendered uncollectible, by [the securitization] process."); *Montoya v. Branch Banking & Trust Co.*, 2012 WL 826993, at *6 (N.D. Ga. March 9, 2012).

fraud-related claims were adjudicated by the court, and plaintiffs may not try to avoid the court's previous orders by bringing decided claims as "motions."

In the interest of preventing unnecessary and frivolous litigation, the court will enjoin plaintiffs from submitting any additional filings in this case other than objections to the magistrate judge's report and recommendation. If necessary, the court will reevaluate whether to continue the injunction as part of its order on the magistrate judge's report and recommendation.

**B. Contacting Ocwen Executives**

The court will not enjoin plaintiffs from contacting executives at Ocwen. While the Georgia Rules of Professional Conduct prevent a *lawyer* from contacting a represented party absent extenuating circumstances, plaintiffs are not lawyers. The court is aware that several courts have enjoined *pro se* litigants from contacting the opposing party based on the applicable jurisdiction's ethical rules. *See, e.g.*, *Bisciglia v. Lee*, 370 F. Supp. 2d 874, 879 (D. Minn. 2005). This court respectfully disagrees. Plaintiffs are *pro se* litigants, not lawyers, and the court finds no basis for selectively applying portions of the Model Rules of Professional Conduct to their actions.

The court's decision not to enjoin plaintiffs on this matter does not mean the court condones it. Plaintiffs are strongly cautioned that communicating to Ocwen

6

executives what this court views as baseless threats may result in severe monetary sanctions.

### C. Prevent Attempts to Levy Upon Property

The court will not enjoin plaintiffs from attempting to levy upon defendant's property. As defendant noted, plaintiffs have no right to levy upon defendant's property. Because plaintiffs do not have any right to levy upon defendant's property, the injunction is more for defendant's peace of mind than anything else. During the hearing, defendant's counsel informed the court that plaintiffs initiated a quiet title suit in state court. Issuing a levy is a matter before the state court, and the court is confident that the state court will properly apply the law to the facts before it.

Again, the court's refusal to enjoin this behavior does not mean that the court condones it. If plaintiffs continue to communicate baseless threats to levy upon property or attempt to levy upon property without a valid judgment, the court may impose significant sanctions.

## III. Conclusion

The court hereby **GRANTS in part** defendant's motion for an injunction/temporary restraining order. Plaintiffs are hereby **ENJOINED** from filing any additional pleadings or other filings in this case without first obtaining leave from the magistrate judge. Plaintiffs may, however, file objections to the magistrate judge's

report and recommendation without first seeking leave to file. The remainder of the relief requested in the motion is **DENIED**.

Furthermore, the court **DIRECTS** the magistrate judge to determine whether plaintiffs should be sanctioned for their conduct during this case as part of his report and recommendation on the pending motions for summary judgment.

IT IS SO ORDERED, this 25th day of February, 2015.

s/*William C. O'Kelley*  
William C. O'Kelley  
Senior United States District Judge