IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
GAINESVILLE DIVISION

| | | |
|---|---|---|
| COBREY BENNETT and<br>MARYAM BENNETT, | : | |
| | : | |
| Plaintiffs, | : | |
| | : | |
| v. | : | Civil Action No. |
| | : | 2:13-CV-00243-WCO-JCF |
| OCWEN LOAN SERVICING, LLC, | : | |
| | : | |
| Defendant | : | |

## ORDER

Before the Court is Plaintiffs' Motion Challenging the Sufficiency of the Defendant's Responses to the Plaintiffs' Requests for Admission of Fact and Motion to Compel the Production of Requested Discovery Documents. (Doc. 87). Because the requests only seek information related to causes of action the Court dismissed before the motion was filed, the motion is **DENIED**.

## PROCEDURAL HISTORY

This case arises out of Defendant Ocwen Loan Servicing, LLC's administration and servicing of Plaintiff Cobrey Bennett's mortgage loan. In late September 2013, Plaintiffs, proceeding *pro se*, filed this action against Defendant in the State Court of Forsyth County. (Doc. 1-2 at 1-23). Defendant removed the action to this Court (Doc. 1), and shortly thereafter Plaintiffs submitted an Amended Complaint. (Doc. 6). Two weeks later, Plaintiffs sought leave from the

1

Court to file another Amended Complaint, (Doc. 9), which the Court granted on November 26, 2013 (Doc. 15). The Second Amended Complaint (Doc. 16) remains the operative pleading. Plaintiffs assert the following causes of action: (1) violation of the Fair Debt Collection Practices Act 15 U.S.C. § 1692, *et seq.* ("FDCPA") (Count I); (2) negligence (Count II); (3) intentional infliction of emotional distress ("IIED") (Count III); (4) unfair practice (Count IV); (5) rescission due to fraud (Count V); (6) violations of O.C.G.A. §§ 7-1-1013(6) and (9)(A-C) (Count VI); (7) breach of fiduciary duty (Count VII); (8) violation of the Real Estate Settlement Procedures Act ("RESPA"), 12 U.S.C. §§ 2601 *et seq.* (Count VIII); (9) conversion (Count IX); (10) tortious interference with property rights (Count X); (11) violations of the Georgia RICO act (Count XI); (12) fraud and deceit (Count XII); (13) attorneys' fees and expenses (Count XIII); (14) rescission due to fraud (Count XIV)[1]; (15) punitive damages (Count XVI).[2] (*See generally id.*).

In December 2013, Defendant filed a partial motion to dismiss under FED. R. CIV. P. 12(b)(6) for failure to state a claim upon which relief may be granted. (Doc. 19). It sought to dismiss all of the claims in the Second Amended Complaint except for the RESPA claim (Count VIII). (*See id.*). On August 12, 2014, the

---

[1] Count XIV of Plaintiffs' Second Amended Complaint simply repeats Count V. (*See* Doc. 16 at ¶¶ 66, 100).
[2] Plaintiffs' Second Amended Complaint does not contain a Count XV. (*See* Doc. 16 at pg. 24).

Court granted in part and denied in part Defendant's partial motion to dismiss leaving only the claims for RESPA violations (Count VIII), conversion (Count IX), and punitive damages (Count XVI).  (Doc. 74).

On October 17, 2014, Plaintiffs filed this motion "Challenging the Sufficiency of the Defendant's Responses to the Plaintiffs' request for Admission of fact" and to compel production of requested documents.  (Doc. 87).  Defendant responded on October 31, 2014.  (Doc. 88).

After the present motion was filed, on December 5, 2014, Defendant's filed a Motion for Summary Judgment as to Plaintiffs' remaining claims for RESPA violations, conversion and punitive damages.  (Doc. 93).  On December 22, 2014, Plaintiffs filed their own motion for summary judgment (Doc. 96).

## **DISCUSSION**

Plaintiffs ask the Court to compel Defendant to provide more thorough responses to requests for admissions and to produce further documentation pursuant to certain requests for production.  (*See* Doc. 87).  When the motion was filed, most of Plaintiffs' claims had already been dismissed.  (*See* Doc. 74).  The only pending claims now are a claim for RESPA violations (Count VIII), a claim for conversion (Count IX), and a corresponding[3] request for punitive damages (Count XVI).  (*See id.*).  Discovery is limited to "any nonprivileged matter that is

---

[3] While Plaintiffs' have styled their request for punitive damages as a separate claim, in reality it is dependent upon the viability of the conversion claim.

relevant to any party's claim or defense." FED. R. CIV. P. 26(b)(1).  As a result, for a discovery request to be proper, it would have to be related to these remaining claims.  In light of the claims which remained pending at the time Plaintiffs filed the motion, only information related to Plaintiffs' payment history to show the status of the account and correspondence between the parties connected to the RESPA claim would be the proper subject of discovery.  With this backdrop in mind, the undersigned turns to the discovery requests in dispute.

Plaintiffs take issue with eight of Defendant's responses to the requests for admission.  None of these requests seek information that is relevant to the two remaining claims.  (*See* Doc. 87 at 2-10 ("Request No. 3: Admit that the Defendant[] received a subpoena on 09/26/23 which was properly served via GA law for request of records of which the Defendants did not comply in a timely manner."; "Request No. 7: Admit that [] Defendant has a history of different types of mortgage fraud…"; "Request No. 9: Admit Defendant['s] Ombudsman stated, 'The collection of this loan was transferred to Nationstar Mortgage , LLC on May 16, 2013. …"; "Request No. 15: Admit that Defendant[] continued to contact the Plaintiffs after acknowledging they are in receipt of the Plaintiffs' cease and desist request.")).

None of the requests for production of documents that are the subject of the motion to compel are relevant to the remaining claims, either.  (*See id.* at 10-15

("Request No. 1: The Plaintiffs formally demand, the accounting books, financial books, and records of the alleged owners of the Plaintiffs' note."; "Request No. 5: Authenticated document of custody records showing when the note was endorsed and came into Ocwen's physical possession."; "Request No. 6. The Plaintiffs request the actual 'original' wet-ink promissory note and all endorsements there after.")).

All of these requests appear to be related to Plaintiffs' previous claims which were previously dismissed. (*See* Doc. 74). Plaintiffs' efforts to continue to pursue these claims, despite the fact that they have been dismissed, is not confined to these requests for discovery or to this motion. In fact, in Plaintiffs' motion for summary judgment, they seek summary judgment as to all of the claims which were already dismissed. (*See* Doc. 96 at 11-23). Further, Plaintiffs have filed a motion for declaratory judgment (Doc. 103) and a motion for leave to add parties and claims (Doc. 81), both of which are actually attempts to revitalize the claims this Court has already dismissed.

The undersigned finds that none of the requested admissions or documents would impact the determination of the motions for summary judgment presently before the Court (Docs. 93, 96). Further, nothing in this motion suggests that there are facts presently unavailable to the Plaintiffs that would be pertinent to the two claims remaining. Therefore, the Court sees no reason to delay consideration of

the motion for summary judgment or take any further action regarding these matters pursuant to FED. R. CIV. P. 56(d).

## CONCLUSION

As none of the information Plaintiffs seek to compel with this motion is relevant to the only two claims remaining, Plaintiffs' motion to compel (Doc. 87) is **DENIED**.

**SO ORDERED** this 12th day of March, 2015.

                                 /s/ *J. CLAY FULLER*
                                 J. CLAY FULLER
                                 United States Magistrate Judge