IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
GAINESVILLE DIVISION

| | |
|---|---|
| COBREY BENNETT and MARYAM BENNETT, | : : : |
| Plaintiffs, | : : |
| v. | : CIVIL ACTION : NO. 2:13-cv-00243-WCO-JCF : |
| OCWEN LOAN SERVICING, LLC, | : : |
| Defendant. | : |

**<u>ORDER</u>**

The court has before it for consideration the magistrate judge's final report and recommendation ("R&R") dated March 12, 2015 [115] and plaintiffs' objections to the R&R [117]. The magistrate judge recommends the entry of summary judgment in defendant's favor on plaintiffs' claims for conversion, punitive damages, and violation of the Real Estate Settlement Procedures Act ("RESPA"). After review, the court agrees with the magistrate judge's findings and approves and adopts the R&R as the order of this court.

**I. Brief Procedural Overview**

Plaintiffs initially raised a bevy of claims against defendant–all related to the amount and collectability of their mortgage. Plaintiffs' complaint is one in a long line of disorienting cases that attempts to leverage a poor understanding of the mortgage

securitization process into a number of legal "gotchas" to invalidate defendant's ability to collect on the mortgage.

The court previously dismissed plaintiffs' claims that alleged fraud or a lack of standing but allowed plaintiffs' claims for conversion, punitive damages, and RESPA to proceed. (*See* Order 5-6, ECF No. 74).

Nonetheless, plaintiffs continued to press their fraud and standing arguments and repeatedly attempted to revive claims that the court previously found deficient. (*See, e.g.*, Mot. Add Joinder Claims, ECF No. 22; Mot. Leave to Amend, ECF No. 56; Objections, ECF No. 62; Mot. Joinder Co-Defendants, ECF No. 63; Mot. Show Cause for Joinder, ECF No. 72; Mot. Leave Add Additional Claims, ECF No. 80; Mot. Leave Add Parties and Claims, ECF No. 81; Request for Judicial Notice, ECF No. 89; Mot. Declaratory Judgment, ECF No. 103; Aff. Specific Negative Averment, ECF No. 104).

On February 11, 2015, defendant filed an emergency motion for a temporary restraining order [107]. Defendant asked the court to enjoin plaintiffs from filing any motion until the court ruled on its motion for summary judgment. (Mot. TRO 3-4, ECF No. 107). Defendant reviewed plaintiffs' numerous attempts to revive defective claims and emphasized that plaintiffs' *pro se* status did not authorize them to completely ignore the Rules of Civil Procedure and applicable law. (*Id.* at 2-3). Most

critically, defendant stated that plaintiffs repeatedly contacted senior executives at Ocwen with no involvement in the litigation and that plaintiffs threatened to "issue a levy against Ocwen's Financial Headquarters in Atlanta." (*Id.* at Ex. A, ECF No. 107-1) ("We are writing to send notice that if the negative averment and notice of demand are not settled by the 18th, we will issue a levy against Ocwen Financial headquaters [sic] . . . ."; *see also* Objections 2, ECF No. 117 ("[Defendant's counsel], wanted [plaintiffs] to stop contacting Ronald Faris, CEO of Ocwen, because we made him aware of the illegal things his company & his counsel were doing, & reported [counsel] to his firm for committing misprison, we have proof that Mr Faris [and others] received the intel, to make sure neither of can claim Plausible Deniability." (errors in original)).

After holding a hearing on the matter, the court entered an injunction enjoining plaintiffs from taking any action related to this case other than filing responses to defendant's motion for summary judgment and the magistrate judge's R&R. (Order 7-8, ECF No. 112). The court also directed the magistrate judge to recommend whether plaintiffs should be sanctioned for engaging in frivolous litigation. (*Id.*).

## II. The Magistrate Judge's R&R

The magistrate judge recommends dismissing plaintiffs' remaining claims. The magistrate judge begins by denying plaintiffs' latest attempts to add claims and parties

3

by reiterating that plaintiffs "have not even attempted to make a showing of good cause," so their requests to amend their complaint must be denied. (*See* R&R 9, ECF No. 115).

Next, the magistrate judge turned to plaintiffs' surviving claims. The magistrate judge found that plaintiffs' RESPA claim failed because their purported qualified written request ("QWR") focused almost exclusively on the validity of the debt rather than detailing some improper actions related to the servicing of the debt. (R&R 14-16, ECF No. 115). Additionally, the magistrate judge found that plaintiffs failed to link their alleged damages to defendant's "purported failure to adequately respond" to their QWR, as opposed to defendant's collection efforts. (*Id.* at 16-18).

Plaintiffs' conversion claim also failed. The magistrate judge noted that uncontroverted evidence demonstrated that defendant eventually fully credited plaintiffs for their payments and waived any accrued penalties. (*Id.* at 19-21). Plaintiffs, therefore, cannot show that defendant failed to make a return, which is a necessary component of a conversion claim. (*Id.* at 21).

Finally, the magistrate judge found that plaintiffs' punitive damages claim must fail because their other claims were dismissed. (*Id.* at 21-22).

**III. Analysis and Plaintiffs' Objections to the R&R**

Plaintiffs' objections to the R&R are nothing more than yet another attempt to revive their failed claims related to the validity of their mortgage obligation. Plaintiffs spend approximately fourteen pages of their objections on another pseudo-complaint alleging that defendant and others committed fraud. (*See generally* Objections 1-14, ECF No. 117) (alleging that defendant filed fraudulent assignment agreements and lacked standing to collect mortgage payments). The remainder of plaintiffs' objections variously argue that the contract between plaintiffs and defendant is illegal, that they were fraudulently induced into entering into a refinancing agreement, and that plaintiffs are the victims of "abuse of process and malicious prosecution." (*Id.* at 18-27). The court disregards plaintiffs' attempts to resuscitate their faulty attacks on defendant's standing/alleged fraud and plaintiffs' requests for leave to amend their complaint in response to the R&R. *See Gilmour v. Gates, McDonald and Co.*, 382 F.3d 1312, 1315 (11th Cir. 2004) ("A plaintiff may not amend her complaint through argument in a brief opposing summary judgment") (citation omitted).

After excising plaintiffs' arguments that have nothing to do with the magistrate judge's disposition of plaintiffs' three remaining claims, the court is left with almost no meaningful opposition.

At one point, plaintiffs argue that the magistrate judge erred when he found that plaintiffs' queries to defendant did not qualify as a QWR and that even if they did, plaintiffs' alleged damages have no relationship to any shortcomings in defendant's response. But plaintiffs do no more than reiterate that they sent a QWR, that defendant's response included false information, and that plaintiffs suffered emotional damages "because the entire transaction was/is fraudulent." (Objections 19, ECF No. 117). This objection is nothing more than a recitation of plaintiffs' opposition to defendant's motion for summary judgment and fails to identify an error in the magistrate judge's R&R.

The court finds that plaintiffs' objections are either irrelevant or conclusory. Plaintiffs failed to identify an error in the magistrate judge's R&R, and the court is unable to discern any error during its own review. Therefore, plaintiffs' objections are overruled.

**IV. Conclusion**

After careful review, the court hereby **APPROVES** and **ADOPTS** the magistrate judge's R&R [115] as the order of this court. Plaintiffs' objections to the R&R [117] are **OVERRULED** because they do not identify an error in the magistrate judge's application of the law to the facts of this case. Defendant's motion for summary judgment [93] is **GRANTED**, and plaintiffs' motion for summary judgment

[96] is **DENIED**.  All other pending motions [81, 103] are **DENIED** for the reasons set forth in the R&R.

The court declines to impose sanctions at this time, but plaintiffs are advised that initiating or maintaining identical or similar claims in the future will likely result in significant sanctions.

IT IS SO ORDERED, this 22nd day of April, 2015.

s/*William C. O'Kelley*
William C. O'Kelley
Senior United States District Judge
