IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
GAINESVILLE DIVISION

| | |
|---|---|
| **COBREY BENNETT and MARYAM BENNETT,** | ) ) ) |
| **Plaintiffs,** | ) Civil Action No.: 2:13-cv-00243-JCF ) |
| v. | ) ) |
| **OCWEN LOAN SERVICING, LLC,** | ) ) ) |
| **Defendant.** | ) ) |

### DEFENDANT'S RESPONSE IN OPPOSITION TO PLAINTIFFS' MOTION FOR RELIEF FROM JUDGMENT

Defendant Ocwen Loan Servicing, LLC files this Response in Opposition to Plaintiffs Cobrey and Maryam Bennett's Motion for Relief from Judgment. (Doc. 120). Plaintiffs' Motion provides no grounds whatsoever for relief from the Court's final order granting Defendant's summary judgment and dismissing the action *with prejudice* and is just another attempt by Plaintiffs to argue their baseless claims that were properly dismissed. (Docs. 118, 119).

### Argument & Authorities

**A.   Legal Standard for Relief from Judgment**

Plaintiffs appear to seek relief under Fed. R. Civ. P. 60(b)(1) and (3), but are not specific. The grant or denial of relief is a matter within the discretion of the

1

Court.  *Cano v. Baker*, 435 F.2d 1337, 1342 (11th Cir. 2006).  Rule 60(b) permits the Court to relieve a party from a final judgment only "under a limited set of circumstances" and to obtain relief under Rule 60(b) the movant "must demonstrate a justification for relief so compelling that the district court was required to grant the motion."  *Miller v. Brown*, Civil No. 112-166, 2014 WL 229481, at *1 (S.D. Ga. Jan. 17, 2014) (quoting *Gonzales v. Crosby*, 545 U.S. 524, 528 (2005)) and *Maradiaga v. United States*, 679 F.3d 1286, 1291 (11th Cir. 2012), respectively.

### B. Plaintiffs' contention for "Adverse Possession" is an entirely new claim and is barred.

Plaintiffs' cannot raise, for the first time on a Rule 60(b) Motion, an entirely new theory as they attempt to do with their adverse possession reference.  (Doc. 120, pp. 1-2).  A motion for relief cannot be used to offer new legal theories or evidence that could have been previously presented.  *Arthur v. King*, 500 F.3d 1335, 1343 (11th Cir. 2007); *Jones v. S. Pan Servs.*, 450 F.Appx. 860, 863 (11th Cir. 2012).  As such this new theory is due to be rejected.

Further, Plaintiffs' contention for adverse possession is entirely frivolous as there is a valid and enforceable security deed on the property prohibiting any cognizable claim for adverse possession. (Doc. 93-2, ¶ 1).  *See Lawhorn v. Steele*, 232 Ga. 857, 859, 209 S.E.2d 191 (1974) (holding that where a grantee of a security deed has title the time period necessary for adverse possession does not

even begin to run until the security deed is foreclosed on or sold); *Dickson v. Davis*, 237 Ga. 883, 884, 230 S.E.2d 279 (1976) ("one in possession of property who makes payments to the holder of the security deed on the property, such payments being either rent or payments on an indebtedness that the property itself secured, cannot sustain a claim of adverse possession against the security deed holder as a matter of law").  The Plaintiffs' contention regarding adverse possession is groundless and provides no grounds for relief from judgment.

> **C. The Court has properly dismissed Plaintiffs' Conversion and RESPA claims on summary judgment and Plaintiffs' Motion simply repeats their previous contentions.**

Most of Plaintiffs' Motion is simply a rehash of their previous arguments and claims that the Court has rejected and dismissed.  Just as a motion for relief cannot be used offer new legal theories or evidence that could have been previously presented, it cannot be used either to present arguments already heard and dismissed.  *Arthur*, 500 F.3d at 1343; *Jones*, 450 F.Appx. at 863.  Plaintiffs' multiple attempts to add parties and claims were repeatedly rejected by the Court.  (*See* Order, Doc. 118, p. 2).  There is no need to re-address the RESPA and conversion claims previously dealt with by the Court in both the Report and Recommendation and Final Order.  (*See* Docs. 115, 118).  *See Palumbo v. Weill*, Civil No. 1:11-cv-2466-RWS-SSC, 2013 WL 1136842, at * (N.D. Ga. Mar. 18, 2013) (denying motion for relief where *pro se* litigant was "simply attempting

3

(again) to reargue issues that were decided against him"). The summary judgment evidence established, and the Court concluded, that Plaintiffs' RESPA and conversion claims were due to be dismissed.

Further, Plaintiffs' reference to a failure to join indispensible parties is groundless and provides no grounds to void the final judgment of dismissal. Plaintiffs made multiple attempts to join parties and claims which were considered and denied by the Court. (*See* Doc. 118, p. 2; Doc. 77; Doc. 115, p. 24).

Plaintiffs have fallen far short of establishing the requisite basis for any relief from the Court's final judgment, and, once again, their request should be denied.

## Certification of Compliance

Pursuant to Local Rule 7.1, the undersigned certifies that this document has been prepared in accordance with Local Rule 5.1.

Dated this 8th day of May, 2015.

Respectfully submitted,

/s/Keith S. Anderson
Keith S. Anderson (Bar No. 136246)
Bradley Arant Boult Cummings, LLP
One Federal Place
1819 Fifth Avenue North
Birmingham, Alabama 35203
Telephone: (205) 521-8000
Facsimile: (205) 521-8800
kanderson@babc.com
ATTORNEY FOR DEFENDANT OCWEN LOAN SERVICING, LLC

## CERTIFICATE OF SERVICE

I hereby certify that I have this date served the above and foregoing on:

Maryam & Cobrey Bennett
965 Summerfield Drive
Cumming, GA 30040

by placing a copy of same in the United States Mail, first-class postage prepaid and addressed to his regular mailing address, on this the 8th day of May, 2015.

/s/Keith S. Anderson
OF COUNSEL